LYONS v. BARNUM et ux.

(Supreme Court, Special Term, Putnam County. October 20, 1908.)

1. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—QUANTITY OF LAND—EFFECT OF DEFICIENCY.

Where defendants sold plaintiff 100 acres of land, more or less, defendants agreeing that the term "more or less" should mean within 3 acres either way of the amount sold, but the land only contained 66 acres, even in the absence of fraud, there was a material mistake, which entitled

plaintiff to have the value of the land he did not receive credited on his purchase-money mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 334, 335.]

**2. SAME—REMEDIES OF PURCHASER—DAMAGES—MEASURE.**

Where the purchaser of land was entitled to set off against a purchase-money mortgage the value of the number of acres he was short under his contract to purchase, the purchase price was the measure of such value; but, in fixing the value at the time of purchase, the reasonable value of the buildings on the land should be deducted.

**3. SAME—EVIDENCE.**

In an action to have the value of the number of acres plaintiff was short under his contract of purchase set off against his purchase-money mortgage, the value of the buildings being deducted in determining the value of the land, the evidence *held* to show that $6,000 was a fair valuation of the buildings.

Action by Richard J. Lyons against Lewis S. Barnum and wife. Findings for plaintiff.

Jno. J. Lenahan, for plaintiff.
Fred'k L. Barnum, for defendant.

TOMPKINS, J. In May, 1907, the plaintiff purchased from the defendants through their agent, Budd, a farm in Putnam county, for which he agreed to pay the sum of $21,000, upon the representations of the defendants and their selling agent that the farm contained 100 acres. The contract and deed describe the farm as containing 100 acres of land, "be the same more or less," and it appears that at the time of the reading and execution of the contract plaintiff asked what the words "more or less" meant, and was informed by the agent in the defendants' presence that they meant a variation of not more than 3 acres either way from the 100 stipulated to be sold. After the sale, and upon surveys being made, it was found that there were 66.207 acres, as shown by plaintiff's surveyor, and 67.84 acres according to the defendants' survey; it being agreed that the farm is about one-third short of the 100 acres represented by the defendants and mentioned in the contract and deed. At the time of the consummation of the sale the plaintiff gave a purchase-money mortgage to the defendants for $15,000, $5,000 of which has since been paid, leaving the sum of $10,000 due to the defendants on the mortgage, and from which plaintiff by this action seeks to have deducted the sum of $7,-096.53, being the value of the deficient land at the rate paid by the plaintiff for the 100 acres.

The defendants deny the charge of fraud, and insist that they always understood that the farm contained about 100 acres, and there is nothing to the contrary, except the fact that they had occupied the premises for 18 years, and were familiar with its boundaries; but in any event, whether there was fraud or not, there was at least a material mistake, as a result of which the plaintiff innocently got 66 acres of land, when he paid for and supposed he was getting 100 acres, and that mistake entitles the plaintiff to relief. He is entitled to have credited on the mortgage an amount representing the value of the land that he is short, and the purchase price is the standard for ascertain-

ing such value; but, in order to fix the value of the deficient land at the time of the sale, we must deduct from the purchase price the reasonable value of the farm buildings at that time.

The defendants' witnesses fixed the value of the buildings at the time of the sale at the sum of $12,458.10. The plaintiff's witness Waite estimated the cost of reproducing the buildings at the present time at $8,000, and then testified that the cost of labor and materials is 40 per cent. more now than 30 or 40 years ago, and makes no deduction for the depreciation. The main buildings are 40 or more years old, and, allowing for depreciation, I think that the sum of $6,000 is a fair amount to deduct from the purchase price for the value of the buildings.

The plaintiff paid $21,000 for the whole premises, supposed to be 100 acres. Deducting from that amount the sum of $6,000 for the buildings, leaves $15,000 as the value of the land, or $150 per acre. The plaintiff is short 33½ acres, and is therefore entitled to a credit of $5,020 on the purchase-money mortgage.