MORGAN WORTHY *vs.* FRANCIS X. HURLEY, temporary conservator. December 31, 1964. Decree affirmed. With the assent of the heirs apparent and presumptive of Morgan Worthy, the respondent on October 2, 1962, was appointed his temporary conservator by the Probate Court pending the appointment of a permanent conservator or guardian. The present petition, filed September 30, 1963, is for the removal of the respondent as temporary conservator. The judge, after hearing, denied the petition "without prejudice to the bringing of a petition for conservator or guardianship, to be heard after notice." The petitioner appealed. No error appears. The record, including the reported evidence, shows that sometime after the respondent's appointment, the petitioner was committed in the District Court to the Taunton State Hospital where as a private patient he was confined under close supervision, and that he has been and will continue to be incapable of taking care of himself or his estate. These circumstances and other evidence do not require the removal of the respondent. They do, however, point to the necessity of appointing a permanent conservator or guardian, as the decree provides, and steps to accomplish that end should be taken forthwith.
  *Charles R. Desmarais* for the petitioner.
  *John F. Cremens,* for the respondent, submitted a brief.

  JAMES F. SCHOFIELD *vs.* JUDITH A. SMALL. January 4, 1965. Exceptions sustained. There must be a new trial in this action of tort arising from an automobile collision in which the plaintiff had verdicts. The judge so instructed that the jury could have allowed damages for aggravation of a previous disease although there was no evidence of this, and could have estimated future damages on the basis of the plaintiff's supposedly impaired earning capacity and future medical bills although the evidence did not support a forecast of such items. Also, the charge permitted the jury to estimate the plaintiff's loss in the damage to his automobile with no evidence as to the effect on the value of the car of the damage done to it in the crushing of its front end. The instruction as to the presumption of the plaintiff's due care was not in accordance with the rule. *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.* 344 Mass. 420, 425. Apparently neither party's view was obscured and there was no basis for reading to the jury the law as to required conduct under such circumstances (G. L. c. 90, § 14). Although prejudice is not clearly shown as to either of these two instructions in respect of liability they tended to confuse the jury. The evidence as to the place of the accident was such that it was not error to read to the jury the right of way law, G. L. c. 89, § 8.
  *William A. Cotter, Jr.,* for the defendant.
  *James J. Twohig,* for the plaintiff, submitted a brief.