FRANCIS J. MELVIN *vs.* H. J. NASSAR MOTOR CO., INC.

Essex.   January 9, 1969. — April 16, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Deceit. Damages,* For deceit. *Evidence,* Opinion: expert.

In an action for deceit by a purchaser of an automobile against the seller, there was no error in admitting testimony of an expert limited to what he observed as to the condition of the automobile eighteen months after the purchase, without his giving any opinion as to the cause of defects observed. [693]

A verdict for the defendant should have been ordered on his motion in an action for deceit in the sale of an automobile where, although there was sufficient evidence of defects in the automobile, there was no proof in terms of money of the difference between its value as received by the plaintiff and what its value would have been had it been as represented. [694]

CONTRACT OR TORT.   Writ in the Superior Court dated September 9, 1966.

The action was tried before *Tomasello,* J.

*John P. Ford* for the defendant.

*Victor L. Hatem* for the plaintiff.

REARDON, J.   The plaintiff in his declaration alleged that he purchased from the defendant "a certain new motor

vehicle" but that the vehicle, a 1966 country sedan, was defective. The declaration contained three counts, the first for breach of warranty, the second for breach of warranty stating a right to rescind, and the third in tort for deceit. The jury found for the plaintiff on all counts, awarding the sum of $4,000 on each count. On the defendant's motion for a new trial, the court ordered that unless the plaintiff should remit the sum of $1,500 on each count the verdicts were to be set aside. The plaintiff elected to take the sum of $2,500 on count 3, and waived the other two counts. The defendant excepted to the denial of its motions for a directed verdict on each of the counts and to the admission of certain expert testimony.

The expert, who was undoubtedly qualified, gave testimony on the condition of the car which he first saw eighteen months after its purchase. His testimony was limited to the conditions he observed and he gave no opinion as to the cause of the defects which he found. There was ample testimony from the plaintiff and others on the history of the car during the eighteen months, and it was discretionary with the judge to admit the expert's testimony for the purposes to which it was limited. *Commonwealth* v. *Bellino,* 320 Mass. 635, 638, cert. den. 330 U. S. 832.

The defendant took exception to supplementary instructions given to the jury in response to their question whether, if they found for the plaintiff on each of the three counts, they should return "individual damage on each separate count," or the "total sum of damages for all three counts." To this request the judge responded that the "element of damage . . . would be the same, actually, on each count. There can only be one satisfaction, however. In other words, a party does not get paid three ways. He only gets paid one way." The defendant suggests confusion on the part of the jury in that the damages allowable on counts 1 and 3 would vary from those under count 2 where the plaintiff would be under the necessity of returning the automobile. It further argues that, in the face of the jury verdict for $4,000 on each count, the confusion is made more evident

in that the plaintiff paid but $3,097 for the automobile. It asserts, with particular reference to the count in deceit, that evidence is lacking in support of the claim of the plaintiff to damages.

A review of this record, which is far from clear, leads us to conclude that the judge properly charged the jury on the measure of damages in deceit. He there stated damages as being "the difference in value of the property as it was and as it would have been if as represented." *Rice* v. *Price*, 340 Mass. 502, 507. *Madigan* v. *McCann*, 346 Mass. 62, 64–65. *Robichaud* v. *Athol Credit Union*, 352 Mass. 351, 355. The defendant contends that requisite evidence on damages resulting from deceit is lacking.

The plaintiff described in considerable detail those respects in which he claimed the car was damaged when he acquired it but there is nothing in the transcript which might afford guidance to the jury in terms of dollars of that value difference in what he received and what he expected to receive. See *Willey* v. *Cafrella*, 336 Mass. 623; *Schofield* v. *Small*, 348 Mass. 782. There was thus too much left to the jury to conjecture. See *A. DaPrato Co.* v. *Boston*, 334 Mass. 186, 189. The court should have granted the defendant's motion for a directed verdict on the count for deceit.

It might be added that while the judge correctly stated in his charge the elements of damages on the count for breach of warranty, the charge is silent on the measure of damages on the count for breach of warranty with a right to rescission. Furthermore, the supplementary instructions seem to us to be inaccurate and confusing.

The transcript provides ample evidence of overreaching of the plaintiff in the transaction in which he enmeshed himself. Were it open to us to clear the way for reimbursement to him in this case we would do so but on the record that is not possible.

*Exceptions sustained.*