ERIC F. SHARTON *vs.* J. H. WESTERBEKE CORP. February 2, 1981. The plaintiff brought an action against the defendant seeking damages for the losses he incurred as a result of his reliance on the defendant's manual for the maintenance of an engine it had manufactured. The non-jury action was referred to a master, who was not to report the evidence. The master made

findings and conclusions favorable to the plaintiff, and judgment was entered for him on the report. We affirm the judgment.

The master's internally consistent findings and the reasonable inferences which we may draw from them, *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 743, 750 (1979), show that in 1972 the plaintiff purchased a sailboat equipped with a Four-107 diesel engine which was manufactured by the defendant. At that time he also received a "Technical Manual" which had been prepared and published by the defendant for use by boatowners and mechanics in the operation, repair and maintenance of its Four-107 diesel engine. The plaintiff, experienced in the field of marine engines, relied on and followed this manual when doing maintenance work on the engine in the fall of 1976. The manual made no reference to or mention of a small neoprene gasket in the engine's lubricating oil system; instead, the manual stressed the function and importance of a different, well-described gasket and implied that the gasket was the only one in the engine's lubricating oil system. The defendant knew that the neoprene gasket was an essential and critical component of that system and that the engine would be greatly damaged if run without it. The plaintiff, relying on the defendant's manual in changing the engine's oil filter, never discovered the neoprene gasket. Because that gasket was missing when the plaintiff next used his boat in the spring of 1977, the engine lost all of its lubricating oil and was damaged beyond repair.

1. Whether or not the defendant was required to provide boatowners and mechanics with a manual to rely on and to use when working on the Four-107 diesel engine, it chose to do so, and it was required to provide them with correct instructions and directions. See *DeEugenio* v. *Allis-Chalmers Mfg. Co.*, 210 F.2d 409, 413 (3d Cir. 1954); *Reddick* v. *White Consol. Indus., Inc.*, 295 F.Supp. 243, 249-250 (S.D. Ga. 1969); Prosser, Torts § 56, at 343-344 (4th ed. 1971). Cf. *Beaulieu* v. *Lincoln Rides, Inc.*, 328 Mass. 427, 428-429 (1952). The defendant failed to do this, and the plaintiff's losses were the direct and foreseeable consequence of that failure.

2. There was no error in awarding the plaintiff damages in the amount of the difference between the fair market values of the sailboat before and after the engine was destroyed where that difference was computed on the basis of evidence of the engine's age, hours of use, and replacement costs, less its salvage value. See, e.g., *Schofield* v. *Small*, 348 Mass. 782 (1965); *Medford Housing Authy.* v. *Marinucci Bros.*, 354 Mass. 699 (1968); *Omni Flying Club, Inc.* v. *Cessna Aircraft Co.*, 366 Mass. 154 (1974). The fact that the plaintiff used his sailboat for recreation rather than business did not preclude him from also recovering for his loss of its use and enjoyment while the engine was being replaced. *Omni Flying Club, Inc.*, 366 Mass. at 162. *Antokol* v. *Barber*, 248 Mass. 393, 396 (1924), citing *The "Mediana,"* [1900] A.C. 113, wherein it is stated at

117, "What right has a wrongdoer to consider what use you are going to make of your vessel?"

3. We reject the defendant's claim that the plaintiff's cause of action accrued when he received the manual in 1972 and not when the engine was destroyed in 1977. *Cannon* v. *Sears, Roebuck & Co.*, 374 Mass. 739 (1978). *Frank Cooke, Inc.* v. *Hurwitz*, 10 Mass. App. Ct. 99, 109-110 (1980).

*Judgment affirmed.*

*Alan I. Margolies* for the defendant.
*Edward E. Kelly* for the plaintiff.