HELEN C. ANZALONE *vs.* JOHN K. STRAND, trustee.

Plymouth.  December 14, 1981. — June 18, 1982.

Present: HALE, C.J., CUTTER, & ROSE, JJ.

*Damages*, Negligent misrepresentation.  *Consumer Protection*, Damages.

In an action pursuant to G. L. c. 93A, § 9, the proper measure of dam-
ages for a seller's unintentional misrepresentation of the area of a
parcel of improved real estate was the difference between the actual
value of what the purchaser received and the purchase price, plus any
pecuniary loss shown to have been suffered as a consequence of reli-
ance on the misrepresentation.  [47-50]

The plaintiff in an action seeking damages under G. L. c. 93A, § 9, for
misrepresentation in the sale of a parcel of real estate, who had failed
to introduce evidence of the market value of the parcel was, in the cir-
cumstances, entitled to a hearing to determine damages in accordance
with this court's opinion.  [50-51]

CIVIL ACTION commenced in the Superior Court on
November 13, 1975.

The case was heard by *Keating*, J.

*Mark A. Borreliz* for the defendant.

*Martin H. Green* for the plaintiff.

ROSE, J.  The plaintiff commenced this suit against the
trustee of the Dorvac Realty Trust alleging that he had mis-
represented the square footage of a piece of real estate pur-
chased from him by the plaintiff and that he had thereby
engaged in an unfair and deceptive trade practice in viola-
tion of G. L. c. 93A, §§ 2 and 9.  The trial court found a
nonwilful violation of G. L. c. 93A, § 2, and of regulations
promulgated thereunder by the Attorney General.  The
court awarded the plaintiff damages in the amount of
$4,777.76 and attorneys' fees.  The defendant appeals only
from the part of the judgment assessing damages.  We hold
that the judge erred in his determination of damages and re-
mand this case for a new hearing on damages.

The facts are not in dispute. On November 13, 1974, Strand, acting on behalf of the Dorvac Realty Trust, acquired a piece of residential property located in Hanover, Massachusetts. The property, consisting of a parcel of land with a house and garage, was subsequently advertised for sale through a broker, the House of Realty. On May 1, 1975, the plaintiff entered into a purchase and sale agreement with Strand, as trustee of Dorvac, to buy the property for a price of $21,500. The property, which contained about 21,200 square feet of land area, was described incorrectly in the broker's advertisement and in the purchase and sale agreement as containing about 27,000 square feet. The misrepresentation was not a wilful or knowing one on the part of Strand or Dorvac. A quitclaim deed which described the property by metes and bounds and which made no mention of square footage was given to the plaintiff on June 26, 1975.

Subsequent to acquiring the property, the plaintiff and her husband discovered the discrepancy between the actual and advertised areas of the property. On September 26, 1975, the plaintiff sent Strand a written demand for relief pursuant to G. L. c. 93A, § 9(3), in which she demanded the sum of $4,777.76, or two-ninths (2/9) of the purchase price of the property. (The 2/9 figure was obtained by dividing the square footage not conveyed [6,000 square feet] by the square footage that had been represented to be the size of the lot [27,000 square feet]). After the defendant made a written reply denying any liability for the mistatement of the land area, the plaintiff commenced this suit. She sought multiple damages pursuant to G. L. c. 93A, § 9, in the amount of $14,333.28, i.e., treble the $4,777.76 alleged as her actual damages.

At trial, the defendant sought to introduce evidence to show the actual value of the property sold to the plaintiff, including testimony concerning the price paid by Strand when he acquired the property for Dorvac in late 1974, and Strand's opinion of the value of the property at the time of its sale to the plaintiff. Such evidence was excluded by the

trial judge despite the objection by the defendant's counsel that it was relevant and admissible on the issue of damages.

The trial judge found that the defendant's misrepresentations concerning the square footage of the property were not wilful or knowing but that they did constitute a violation of G. L. c. 93A, § 2. The judge adopted the calculation of damages offered by the plaintiff, reasoning that "[s]ince the defendants represented that the property contained approximately 6,000 square feet more than it actually did, the fair market value of the property was less than the $21,500 which the plaintiff paid for the property. The plaintiff has therefore suffered actual damage in the amount of $4,777.76." Treble damages were not allowed. As the defendant appeals only from the award of damages, there is no occasion to consider whether any recovery under G. L. c. 93A is in order.

An award of damages will not be disturbed on appeal "unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." *Bartley* v. *Phillips*, 317 Mass. 35, 43 (1944). *Worcester* v. *Eisenbeiser*, 7 Mass. App. Ct. 345, 350 (1979). While we recognize the broad discretion afforded the trial judge under this standard, see *Bresnahan* v. *Proman*, 312 Mass. 97, 101-102 (1942), we must nevertheless conclude, after reviewing the record in light of the applicable measure of damages, that there was an error of law.

The amount of actual damages sought by the plaintiff and allowed by the trial judge was arrived at by prorating the purchase price in direct proportion to the diminution in square footage resulting from the misrepresentation. This formula for damages is premised on the belief that the value of such property varies in direct proportion to its square footage, even though the property consists not only of land but also of certain improvements (i.e., a house and garage). The plaintiff cites no authority for this method of assessing damages;[1] rather, she contends that the prorating formula

---

[1] Indeed, it is doubtful that there is authority for such a proposition. Although no Massachusetts case appears to have considered the issue,

is an appropriate measure for determining her "benefit of the bargain" damages, i.e., the difference between the value of the property as represented and its actual value at the time of misrepresentation. See *Rice* v. *Price,* 340 Mass. 502, 507 (1960). Putting aside for a moment the question whether a strict prorating formula is a valid measure for assessing the plaintiff's "benefit of the bargain" damages, we note that the plaintiff's assumption that the "benefit of the bargain" rule governs this case is itself open to question. The Massachusetts cases involving misrepresentation which have followed the "benefit of the bargain" rule typically have involved a situation where the misrepresentation was intentional and fraudulent. The cause of action in such cases has sounded in deceit.[2] See, e.g., *Stiles* v. *White,* 11

courts of numerous other jurisdictions have rejected the use of a strict prorating formula when dealing with improved property. In such cases, courts typically hold that the value of any improvements must first be deducted from the purchase price and that only the remainder is conceivably subject to prorating on a square footage basis. See, e.g., *Karlich* v. *Copelin,* 265 Ark. 787 (1979); *Halliburton* v. *Collier,* 75 Ga. App. 316 (1947); *Wiedeman* v. *Brown,* 307 Ky. 231 (1948); *Sprague* v. *Griffin,* 22 App. Div. 223 (N.Y. App. 1897); *Lyons* v. *Barnum,* 60 Misc. 625 (N.Y. Sup. 1908); *Wilcoxon* v. *Calloway,* 67 N.C. 463 (1872); *Tinsley* v. *Hearn,* 136 Tenn. 586 (1916); *Delforge* v. *McMurtry,* 481 S.W.2d 396 (Tenn. App. 1972); *Hoback* v. *Kilgores,* 67 Va. 442 (1875).

[2] In cases of deceit, there is a public policy rationale for allowing plaintiffs to recover the difference between actual value and promised value, since an intentionally wrongdoing defendant should not have the assurance that his misdeeds will cost him no more than what he receives from his victim. In such cases the measure of recovery closely resembles that for breach of warranty. See *Rice* v. *Price,* 340 Mass. 502, 507 (1960); 11 Williston, Contracts §§ 1391-1394 (3d ed. 1968). It is observed in the Restatement (Second) of Torts that "[t]he considerations of policy that have led the courts to compensate the plaintiff for the loss of his bargain in order to make the deception of a deliberate defrauder unprofitable to him, do not apply when the defendant has had honest intentions but has merely failed to exercise reasonable care in what he says or does." § 552B, Comment b, at 141.

It is worth noting that, even in cases of deceit, the "benefit of the bargain" rule is not rigidly followed in all jurisdictions and "may be modified or supplemented to prevent injustice." *Rice* v. *Price,* 340 Mass. at 509, and cases and authorities cited therein. See Nolan, Tort Law § 116 n.71 (1979). See generally Annot., 54 A.L.R.2d 660, 703 (1957); Annot., 13 A.L.R. 3d 875 (1967).

Met. 356 (1846); *Thomson* v. *Pentecost*, 210 Mass. 223 (1911); *Lefevre* v. *Chamberlain*, 228 Mass. 294 (1917); *Rice* v. *Price*, 340 Mass. 502 (1960). Until recently, no Massachusetts case discussed the applicable measure of damages in actions for negligent misrepresentation. In *Danca* v. *Taunton Sav. Bank*, 385 Mass. 1, 9 (1982), however, the court concluded that the "benefit of the bargain" rule was not the proper measure of damages where the misrepresentation involved was negligent rather than fraudulent. It adopted instead the rule set forth in § 552B of the Restatement (Second) of Torts. Under § 552B(1), the plaintiff would be entitled to recover damages equal to the difference between the value of what she received and the purchase price, plus any other pecuniary loss suffered as a consequence of her reliance on the misrepresentation. This rule essentially restates the traditional "out of pocket" measure of damages which is more consistent with the restitutional nature of tort remedies. See *Rice* v. *Price*, 340 Mass. at 507 n.4; *Danca* v. *Taunton Sav. Bank*, 385 Mass. at 8; Nolan, Tort Law § 116 (1979). See also Restatement (Second) of Torts § 552B, Comment b, at 141; § 552C, Comment f, at 145 (1977).

In determining that the defendant's misdescription of the square footage of the property was not wilful or knowing, the trial judge effectively concluded that this was not a case of deceit,[3] but rather involved a negligent or innocent misrepresentation. Therefore, the proper method for assessing damages is to calculate the plaintiff's "out of pocket" losses, i.e., the difference between the purchase price and the actual value of the property. Unfortunately, the trial record is devoid of any evidence of the property's actual value. Surely, it is not enough for the plaintiff to state in

---

[3] In a deceit action, the plaintiff must prove "that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Danca* v. *Taunton Sav. Bank*, 385 Mass. 1, 8 (1982), quoting from *Kilroy* v. *Barron*, 326 Mass. 464, 465 (1950).

conclusory fashion that the value of the property she received was 2/9 less than what she paid simply because the property's square footage was 2/9 less than had been represented by the defendant. Such a calculation has no basis in fact, ignoring, for example, the value of the house and other improvements of the lot which were included in the purchase price. It was error for the trial court to adopt such a prorating formula as a measure for determining the actual value of the property.

The defendant argues that because the plaintiff failed to introduce evidence bearing on the actual value of the property, and thereby did not satisfy her burden of proof on damages, this court should set aside the award of damages without requiring a further hearing on the issue. See *Marshall* v. *Holbrook*, 276 Mass. 341, 348 (1931); *Melvin* v. *H. J. Nassar Motor Co.*, 355 Mass. 692, 692 (1969). In deciding that a remand for a new hearing on the issue of damages is warranted in this case, we note that the plaintiff did in fact attempt to present testimony, through counsel's cross-examination of Joan M. Williams, a real estate saleswoman, that the fair market value of a piece of property does vary according to the amount of square footage involved. The trial judge prohibited the introduction of such testimony. While we doubt that such testimony could provide a legally sufficient ground for the judge to conclude that a strict prorating formula would be applicable in the present context, we nevertheless recognize counsel's attempt to elicit such testimony in order to provide an evidentiary basis for the plaintiff's calculation of actual damages. Because the plaintiff is not entirely responsible for the failure of the record to provide evidentiary support for an award of damages, we believe that a remand for a new hearing on the issue of damages is in order.

While we are not called on to do so, we note that the judge excluded (1) Strand's testimony concerning the price he paid to acquire the property seven months before the sale to the plaintiff, and (2) Strand's opinion as to the property's value at the time of its sale to the plaintiff. The excluded

evidence was arguably relevant to a determination of the property's actual value and may well be considered, along with other relevant evidence, by the judge who holds the subsequent hearing on damages. See, e.g., *Mintz* v. *Worcester*, 337 Mass. 756, 757 (1958) (prior sale price held admissible as a useful criterion of the property's present value); *Brush Hill Dev., Inc.* v. *Commonwealth*, 338 Mass. 359, 367 (1959) (prior purchase price held admissible in judge's discretion to show land's present worth); *Southwick* v. *Massachusetts Turnpike Authy.*, 339 Mass. 666, 668-669 (1959) (owner familiar with his property may give opinion testimony as to its value); *Assessors of Ipswich* v. *Smith*, 357 Mass. 778 (1970) (building owner who was in the real estate investment business and who knew what he had paid for minor improvements to the building was competent to testify to the building's value).

In sum, we hold that, at least when dealing with improved real property, the proper measure for damages for the unintentional misrepresentation of the square footage of such real estate is the difference between the actual value of what the plaintiff-purchaser received and the purchase price, plus pecuniary loss shown to have been suffered as a consequence of reliance on the misrepresentation. The case is remanded for a new hearing to determine damages in a manner consistent with this opinion.

*So ordered.*