Turcotte, P.J.
There were no pleadings attached to the report of the trial judge, however it states that the action is a tort action sounding in deceit.[3] The judge found the plaintiffs prior to purchasing a house from the defendants • inquired whether the cellar was dry for the entire year. The defendants knowingly falsely intending their answer to be relied upon, answered that it was. The plaintiffs purchased the house in reliance on that statement, and later found 6 to 8 inches of water in the cellar. Plaintiffs were awarded $5202.50 in damages.
The defendants filed nine requests for rulings prior to argument. The judge denied #5 and #9. The defendants claimed error in these denials but argued and briefed only the denial of #5. We treat the error claimed in denying #9 as being waived.
Request #5 is as follows:
—If the court finds that plaintiffs failed to ask that the relied on representations be included in the purchase and sale agreement, then the court must find for the defendants. —
This request depends upon the finding of a fact, namely, did the plaintiffs fail to make a request. The report is silent as to whether they made such a request, so we cannot say the judge committed error in denying this request.[4]
There was no evidence presented of the value of the house as represented other than the purchase price, and there was no evidence presented of the actual value at the time it was misrepresented. The defendants claim to be aggrieved by a finding of thejudge that the value of the property wass reduced by $4565.00 because of the faulty drainage. The report states there was a repair estimate attached to the complaint in the amount of $4565.00, and the judge also found that “the value to provide drainage to the cellar is $4565.00.” The traditional rule for recovery in tort actions is reimbursement to the *132 plaintiffs for their out of pocket loss. Danca v. Taunton Sav. Bank, 385 Mass. 1 at 8 (1982). “There are alternative rules for damage in deceit. One rule is called ‘benefit or loss of the bargain.’ Under this rule the measure of recovery is the difference between the value as represented and the actual value of the property at the time of the misrepresentation. The other rule is the ‘out of pocket’ measure which is consistent with the restitutional natur eof tort damages. The Restatement recognizes both rules.” J. NOLAN, TORT LAW #116 (Mass. Practice Series V.17,1979). In Rice v. Price, 340 Mass. 502 (1960), the plaintiffs were awarded damages for out of pocket losses where there were no findings as to value and only losses were proved where the misrepresentations were intentional. In Anzalone v. Strand, 14 Mass. App. Ct. 45 (1982), where there was an unintentional misrepresentation and improved real estate, the court held the measure of damages “.. .. is the difference between what the plaintiff purchaser received and the purchase price, plus pecuniary loss shown to have been suffered as a consequence of reliance on the misrepresentation.” The judge applied the out of pocket rule correctly in this case where the representation was intentional. The repair estimate in the exact amount oi the award indicates reimbursement for pecuniary loss measured by the cost to repair the defect.[5] A finding that the property value was reduced by $4565.00 was not required to apply this rule and the finding did no harm to the defendants.
Report dismiosed.

 Dist. Mun. Cts. R. Civ. P., Rule 64 (c) (2) provides that "copies of the complaint or any pleading necessary for the understanding on decision of the questions invoked shall be annexed to or incorporated in the draft report."

*". ... any deficiency in the report will be to the detriment of the party who requested the report. Thus care must be taken bv that partv to see that the report, as signed bv the trial judge is complete.” PERLIN AND CONNORS. HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS. Chapter 11.

 The total award of $5202.50 consisted of $4565.00 to provide drainage, damage to a furnace $444.00, and costs of pumps $193.50 — the defendants presented no argument as to the latter sums.