Forte, J.
This is an action to recover for the defendant-mortgagee’s alleged breach of contract, negligent misrepresentation and G.L.c. 93Aunfair and deceptive practices in failing to have a pest inspection performed on the subject property and to disclose the same.
The reported evidence indicates that in 1984, the plaintiffs submitted a standard form mortgage application to defendant Granite Savings Bank (“the Bank”) to secure financing for the purchase of a house in Gloucester, Massachusetts. The Bank required a pest inspection for approval of the loan, and an inspection report prior to the closing. The Bank advised the plaintiffs that it would order the pest inspection at the plaintiffs’ expense, and would inform the plaintiffs of any “derogatory” information contained in the inspection report. Based on this representation, the plaintiffs agreed to pay the $50.00 inspection fee and decided not to proceed on their own to obtain an additional termite inspection.
The plaintiffs fulfilled all loan requirements and the Bank approved their mortgage application. At the May25,1984 closing, the Bank requested and the plaintiffs paid the $50.00 inspection fee. Bank employees who handled the closing did not, however, review either the plaintiff’s mortgage file or the mortgage checklist to determine if the pest inspection had been performed and a report filed.
Upon their subsequent discovery that the wood in the basement beams, joists and subflooring of the house was soft, the plaintiffs telephoned the Bank and inquired if the house had passed the termite inspection. The Bank stated that it had.
After further inquiry by the plaintiffs, the Bank finally admitted that the inspection had never been performed. The Bank refunded the plaintiffs’ $50.00 inspection fee, but refused to make any other settlement of the plaintiffs’ claims.
William Brown, a contractor qualified at trial as an expert witness for the plaintiffs, testified that his inspection of the property revealed pock marks and sawdust on the floor boards, and that additional sawdust was produced when he tapped the beams. Brown stated that such structural damage was caused by insects, and estimated the total cost of necessary repairs to be $15,571.00.
The trial court made findings of fact as to the Bank’s negligent misrepresentation, and entered judgment for the plaintiffs.
The Bank thereafter filed a “Motion to Amend Judgment” alleging error in the court’s award of damages for the plaintiffs moving expenses in relocating during the restoration work, and ofprejudgmentinterestpursuantto G.L.c. 231, §6C.The motion was denied.
The Bank now claims to be aggrieved by the courf s evidentiary rulings, and its *123 denial of the Bank’s requests for rulings numbers 1,2,3,4,19 and 20 and motion to amend judgment.
1. Rule 64 (a) of the Dist./Mun. Cts. R. Civ. P. sets forth the excliisive procedure for preserving and reporting evidentiary issues to this Division. The Bank’s failure to file a written request for report within five days of the close of trial in compliance with the mandatory provisions of Rule 64 (a) effectively constituted a waiver by the Bank of any right to appellate review of the court’s evidentiary rulings. Gordon v. Sales, 337 Mass. 35, 37 (1958); Concord Oil Co. v. Palmer, 1984 Mass. App. Div. 121, 123.
2. There was no error in the denial of requests numbers 2 and 4 which sought rulings that the evidence required a finding for the defendant-Bank. Afinding for the plaintiffs was instead warranted in part by evidence adduced from B ank employees on deposition which was adverse to the Bank’s interest.[2] Such evidence indicated thatthe Bank required termite inspections for the approval of mortgage loans to alert prospective purchasers to structural problems with the property; that consistent with its policies, the Bank advised the plaintiffs that it would arrange for a termite inspection and inform them if there were any negative inspection results; that no pest inspection of the subject property was ever conducted; and that at the closing, the Bank collected the inspection fee from the plaintiffs, but did not even examine its own files to ascertain if the inspection had been performed and if there were any “derogatory” information to disclose to the plaintiffs. The Bank in fact remained silent, thereby implicitly representing to the plaintiffs that there was no “derogatory” or unfavorable inspection information and that the property they were about to purchase was free of pest damage. Further evidence warranted reasonable inferences by the trial judge that there was structural damage to the house caused by pests. See Grossman v. Waltham Chemical Co., 14 Mass. App. Ct. 932, 933 (1982).
It is established that
[ojne who, in the course of his business... or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Lawton v. Dracousis, 14 Mass. App. Ct. 164, 171 (1982), quoting from RESTATEMENT (SECOND) OF TORTS §552 (1) (1977). The reported evidence herein amply warranted the trial court’s findings of the Bank’s liability for negligent misrepresentation. Such findings also properly rendered immaterial the denial of requests 1 and 3 that afindingfor the Bank was warranted. Digesse v. Columbia Pontiac Co., 369 Mass. 99 (1975).
3. There is no merit to the Bank’s contention that its mere silence at the closing did not amount to an actionable misrepresentation. Although mere silence or nondisclosure does not constitute fraud in the absence of a duty to speak, Nei v. Boston Survey Consultants, Inc. 388 Mass. 320, 322 (1983); Swinton v. Whitinsville Sav. Bank, 311 Mass. 677, 678-679 (1942); Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 227 (1982), silence may be actionable where the relationship of the parties creates a particular legal or equitable obligation to communicate all facts. Kannavos v. Annino, 356 Mass. 42, 48 (1969); Samia v. Central Oil Co. of Worcester, 339 Mass. 101, 113 (1959); Goodwin v. Agassiz, 283 Mass. 358, 362 (1933). But cf. Wellington v. Rugg, 243 Mass. *124 30 (1922). In undertaking to secure a pest inspection of the plaintiffs’ prospective home and to report any negative inspection findings, the Bank assumed the role of the plaintiffs’ agent, Danca v. Taunton Sav. Bank, 385 Mass. 1, 7 (1982),[3] and all duties incident to such fiduciary role, Jerlyn Yacht Sales, Inc. v. Wayne R. Roman Yacht Brokerage, 950 F.2d 60, 66-67 (1st Cir.1991), including the duty of full disclosure to the plaintiffs. See generally, Spritz v. Brockton Sav. Bank, 305 Mass. 170, 172 (1940); Bicknell, Inc. v. Havlin, 9 Mass. App. Ct. 497, 500-501 (1980). The Bank’s silence in the face of its duty to speak constituted negligent misrepresentation on the facts of this case.[4]
4. There was also no error in the court’s denial of requests 19 and 20 which improperly sought, in hybrid form, mixed determinations of law and fact.[5] Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944). The facts assumed therein as to the Bank’s waiver or the availability to the plaintiffs of all pertinent information were neither required by the reported evidence, nor found by the trial judge. Fain v. Fitzhenry-Guptill Co., 335 Mass. 6, 9 (1956). Nor are the legal principles of deceit dispositive of this action for negligent misrepresentation. It has been held that a party’s lack of diligence in investigating the falsity of even an innocent misrepresentation does not necessarily preclude his justifiable reliance upon, and recovery for, such misrepresentation. See Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 446 (1975); Yorke v. Taylor, 332 Mass. 368, 373-374 (1955).
5. As the Bank forfeited appellate review of the court’s evidentiary rulings, it is unnecessary to consider at length the Bank’s arguable postjudgment assertion that the court’s assessment of damages for the plaintiffs’ moving expenses was based on hearsay, and thus insufficient, evidence. See Petition of Peterson, 354 Mass. 110, 115-116 (1968). We note only that damages for negligent misrepresentation properly include all “out of pocket” expenses incurred by the plaintiff in consequence of the defendant’s fraud. Zimmerman v. Kent, 31 Mass. App. Ct. 72, 82 (1991); Anzalone v. Strand, 14 Mass. App. Ct. 45, 49-50 (1982). Reasonable inferences drawn from evidence admitted at trial supported the court’s assessment and award of the damages in question.
Traditional measures of tort recovery do not, however, include prejudgment interest at the rate permitted by G.L.c. 231, §6C for actions in contract. The proper statutory interest on a claim for common lawfraud is that prescribed instead by G.L.C. 231, §6B. Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 813 (1992) .The trial court erred, therefore, in denying that portion of the Bank’s Dist./Mun. Cts. R. *125 Civ. P. 59(e) motion to amend judgment which sought to reduce the court’s interest award to an amount calculated at the statutory rate from the date of complaint filing pursuant'to G.L.c. 231, §6B.[6]
Accordingly, the trial court’s finding for the plaintiffs is affirmed. Judgment is hereby vacated to permit the trial court clerk to calculate prejudgment interest pursuant to G.L.c. 231, §6B, and to substitute such interest amount for that assessed by the court under G.L.c. 231, §6C. Judgment, in such corrected amount, is then to be entered for the plaintiffs.
So ordered.

 Portions of the employees’ depositions were admitted into evidence upon the agreement of both parties. The report does not indicate whether these employees were designated by the Bank to appear in its behalf in response to a notice of deposition of the Bank. See Rules 30(b) (6) and 32 (a) (2) of the Dist./Mun. Cts. R. Civ. P. See also, Gleason v. Source Perrier S.A., 28 Mass. App. Ct. 561, 569 (1990).

 Page v. Frazier, 388 Mass. 55 (1983) and Pelletier v. Chicopee Sav. Bank, 23 Mass. App. Ct. 708 (1987) upon which the Bank relies for a contrary determination are inapposite. The defendant banks in those cases did not undertake to obtain preclosing reports or advise the plaintiff-purchasers of the same, and thus were under no duty of disclosure as the purchasers’ agents. It may be noted that the Pelletier Court specifically left open the question of whether a mortgagor would have a claim against a bank for a failure to obtain an adequate appraisal report under other circumstances. Id. at 713-714 n.6.

 The Bank’s effort to distinguish its silence from the express misrepresentation at issue in Danca obscures the basis of the court’s holding therein. The defendant-bank was held liable in Danca for both words and conduct “creating the impression that all was in order when, in fact, it was not.” Danca v. Taunton Sav. Bank, supra at 8. Such was the nature of the Bank’s negligent misrepresentation in this case.

 19. Failure of defendant to inform plaintiff that it waived thepest inspection was not negligent misrepresentation because all pertinent information regarding the inspection was available to the plaintiff.
20. It is an ancient and widely accepted principle of the law of deceit that, where representations are made respecting a subject as to which the complaining party has at hand reasonably available means of ascertaining the truth and the matter is open to inspection, if, without being fraudulently diverted therefrom, he does not take advantage of this opportunity, he cannot be heard to impeach the transaction on the ground of the falsehoods of the other party.

 A motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59(e) permits a trial court to amend judgment; it is not designed to solicit or secure amended or supplemental findings of fact. Page v. New England Tel. & Tel. Co., 383 Mass. 250, 252 (1981). Compare, Dist./Mun. Cts. R. Civ. P., Rule 52 (b); Bruno v. Bruno, 384 Mass. 31, 36 n.8 (1981). The additional findings as to the Bank’s liabilityfor breach of contract, entered by thecourtforthefirsttime in its disposition oftheBank’s Rule 59 (e) motion, could not serve as a proper basis for the court’s earlier award of G.L.C. 231, §6C interest upon its finding of the Bank’s negligent misrepresentation.