Wheatley, PJ.
The plaintiff (Auburn), a Massachusetts attorney, sued for recovery of legal fees of $2,085 67 for services performed for the defendant (Anthony). After a jury-waived trial on June 19, the court, without making findings of fact, found in favor of Auburn for $1,575 without interest and without costs. Judgment entered on June 20, 2001. No notice of appeal was filed by either party within ten days of the judgment date. Dist./Mun. Cts. R. A D. A., Rule 4. Thereafter, on August 1,2001, Auburn filed a motion to amend findings of fact and conclusions of law and a motion for a new trial, which, without hearing, were denied. It is from the denial of these two motions that Auburn appeals under Dist./Mun. Cts. R. A. D. A., Rule 8C. We affirm the action of the trial court and dismiss the appeal.
Dist./Mun. Cts. R. A. D. A., Rules 3 and 4, require that an appeal in this case “shall be taken by filing a notice of appeal... within ten days after the date of the entry of the judgment in the case being appealed.” In this case, that would be June 30.[1] Similarly, a party is required to serve motions for a new trial and to alter or amend the judgment in the same ten-day period. Mass. R. Civ. R, Rule 59(b) and (e). These time periods may not be extended by court order. Id., Rule 6(b); Rule 59, Reporter’s Notes - 1973. In view of the fact that Auburn has filed neither a notice of appeal from the judgment, nor timely motions, there is nothing before us to consider on this appeal.
Even if he had filed timely motions, they would fail for lack of a showing of prejudicial error. In his motion to amend findings of fact and conclusions of law, Auburn challenges the trial judge’s determination of damages, ordinarily a question of fact. Bartley v. Phillips, 317 Mass. 35 (1944); Anzalone v. Strand, 14 Mass. App. Ct. 45 (1982). He filed neither requests for findings of fact, nor any request for a ruling challenging the weight of the evidence. With no findings of fact from the trial judge, we are unable to assess the validity of the judge’s damage award in the light of any possible abuse of discretion. The controversy arose over a settlement agreed to by both parties before the judge, and the judge’s determination may have taken that into account.
Auburn’s motion for new trial also fails. He asserts that the judge’s award of damages is against the weight of the evidence presented at trial. While this subject, because it could not be raised at the time of trial, is a proper one for a motion for a new trial, there is nothing in this record that indicates that the trial judge abused his discretion in denying the motion. Such a finding would be exceedingly rare. Halkow v. DeVoe Motors, Inc., 359 Mass. 569 (1971). Finally, there is no reference to any post judgment matters which would also be a proper subject for this *58 motion. John E. Smith’s Son’s Co. v. Lattimer Foundry & Mach. Co., 239 F.2d 815, 816, n.6 (1956).
Accordingly, we affirm the trial court’s rulings and dismiss this appeal.
So ordered.

 Auburn did file a notice of appeal on September 4, 2001, but it refers to the denial of his two motions and makes no reference to the June 20 judgment.