*Southern District*

### BERTYE GOLDSTEIN, ET AL
#### v.
### HECTOR SANSOUCY

*Present:* Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 2201.

Argued: —————— Decided: ——————

*Kalus, J.* The single issue raised by this report is whether there was error by the trial court in the denial of the defendant's (second) motion for a new trial. It is the contention of the defendant that the "newly discovered" evidence adduced at the hearing on this motion established the fact that the damages awarded the plaintiff were excessive. The element of damage with which we are concerned is the sum of $2,988.13 (in a total finding of $4,897.51) which the trial judge awarded the plaintiffs, as reasonable compensation "to remove and rebuild" the roof on a house, as a result of the failure of the

defendant to construct this roof in accordance with the plans and specifications of their contract.

*The following is a summary of the pertinent facts*: The defendant agreed to construct a dwelling house for the plaintiffs according to architect's plans and specifications. The plaintiff's "expert" testified that the "blue-prints" called for a "flat roof"; that the specifications "showed that the roof should be graded to the outlets at the gutter, which were the only outlets on the roof", that the roof as constructed by the defendant did not slope toward the gutter, and during and after rainfall, water flowed over the south side of the roof, and water did not flow into the gutter; that there was a gutter only on the east side of the roof. There was testimony by the defendant to the effect that all four walls of the house were set out exactly the same height from the ground, and that he built the house according to specifications.

The court found "that there was human error and shrinkage of lumber which caused the condition which existed on the roof"; that "it would cost $2,988.13 to demolish the roof entirely and rebuild an entire new roof."

The finding was entered on May 4, 1961. On June 26, 1961, the defendant filed his first motion for a new trial which was denied after hearing, on September 13, 1961. On March 2, 1962, the defendant filed the instant motion for a new trial, and after hearing the parties and their witnesses, the court denied

the motion on March 19, 1962. Both of these motions were based on "newly discovered" evidence, and the testimony adduced at the hearing on the second motion may be summarized as follows.

After the trial on the merits was concluded, the plaintiffs expended the sum of $350.00 "to install a conductor pipe from the roof and into a drain to carry off water accumulated on the roof." The defendant urged the trial court to find that this pipe completely corrected the "fault", and consequently the damages awarded to the plaintiffs were excessive. The plaintiffs conceded that this work was done but contended and introduced evidence to the effect that this was only a partial remedy; that heavy accumulations of rain and snow still cause water to overflow, and in order to correct the situation completely it will be necessary to remove and rebuild the roof according to the original contract plans and specifications.

The court denied the motion for a new trial and the defendant duly filed a request for report and draft report on this denial.

It is well established law that the denial of a motion for a new trial brings up only the question of whether there was abuse of discretion; and that the finding as to damages is not reviewable as to adequacy of amount awarded, unless the award is so erroneous ("outrageous") that as a matter of law it ought not stand. *Bartley v. Phillips,* 317 Mass. 35.

No question of law concerning the original trial is raised in this report. (According to the docket entries before us, there is now pending and still unresolved the defendant's draft report on questions of law raised by requests for rulings at the trial.) See *Palma v. Race,* 302 Mass. 249.

The extent of the damages suffered by the plaintiffs and the sum which would fairly compensate them for it were questions of pure fact and so such are not reviewable in the Appellate Division, (G. L. c. 231, §108: *Palma v. Racz, cited supra.*) unless we conclude that the damages awarded were erroneous as a matter of law.

The determination of the amount of damages by the fact-finder is often beset with difficulty, especially in tort actions for personal injuries, "in appraising suffering and deprivation and translating them into a compensatory sum."*Bartley v. Philips, cited supra.* But this problem is not involved in actions for breach of contract, as in the case at bar. Once the trial judge determined on the believable evidence that the defendant had not done the work according to the agreement, then the award (no loss of profits is claimed) rests on simple arithmetic, the damages being computed on real and tangible factors of costs of labor and material necessary "to place the injured party in the position he would have been in, if the contract had been performed." See *White Spot Construction*

*Corp. v. Jet Spray Coater, Inc.,* 344 Mass. 632.

The judge had made his finding. The defendant by his motions asked the trial judge "to reconsider" his finding in the light of the "new" evidence. The judge held hearings on both motions and has seen fit not to alter his original finding, impliedly, if not expressly, determining that the plaintiff's subsequent work was only a partial remedy of the condition caused by the defendant. We hold that this determination was clearly permissible on the evidence.

Succinctly stated, what the defendant asks us to say is that "no conscientious judge acting intelligently could have honestly taken the action which the trial judge did in this case." (See *Palma v. Racz, cited supra*). When the matter is thus considered by the appellate court, as the law says it should be, it becomes perfectly apparent that the defendant's contention is untenable.

Report Dismissed.

Harold Hurwitz of New Bedford, for the Plaintiff.
Joseph Lipsitt of New Bedford, for the Defendant.