Welsh, J.
This is a civil action for damages for alleged misrepresentation concerning the condition of a certain used motor vehicle sold by the defendant to the plaintiff. The complaint alternatively alleges breach of warranties as to the vehicle and unfair or deceptive acts or practices in violation of G.L.c. 93A
answer was essentially a denial of the plaintiffs claims and asserts that the plaintiff did not sustain any damages.
The court found for the plaintiff in the sum of $3,500 plus interest and costs. The defendant filed a motion under Rule 59, Dist./Mun. Cts. R Civ. P., to amend judgment so as to delete the award of $3,500 and substitute a nominal award of damages or, in the alternative, to order a new trial. The court denied the motion.
Claiming to be aggrieved by the court’s allowances of plaintiffs request for ruling that on all the evidence a finding for the plaintiff was warranted, and by the court’s denial of defendant’s motion to amend judgment or for a new trial, the defendant requested a report to the appellate division.
At the trial, there was evidence tending to show the following:
The plaintiff purchased a used 1985Toyota Célica GTS from the defendant on Feb. 25,1988for $10,155.00. Later, theplaintiffbroughtthevehicletoabodyshopforminor repairs and learned for the first time that the car had major frame damage from an accident which occurred prior to the plaintiffs purchase of the vehicle from the defendant. There was no evidence that the defendant knew of the damage until plaintiff complained of it. On February 9,1989, the vehicle was thoroughly examined at the defendant’s premises disclosing the major frame damage. A 93A demand letter was sent to the defendant. The defendant’s response was that no relief would be tendered.
Plaintiffs expert witness testified that the vehicle had severe structural damage to such an extent that it was unsafe to drive. There was no indication of the defect from the way the vehicle handled. He estimated that it would cost somewhere between $3,500 to $4,000 to repair the vehicle to make it safe. The plaintiff did not have the •frame damage repaired.
The plaintiff continued to drive the vehicle, apparently without a problem, for several months after learning of its condition. Thereafter she sold the vehicle to another dealer without disclosing the condition. Plaintiff received $6,000 for the car. There was no evidence that the defective condition of the car was known to the dealership which purchased the car, or that a lesser sum of money was paid to the plaintiff because of the condition of the vehicle.
*36 The report contained a statement that “(t)here was no evidence offered by the plaintiff that she suffered any damages as a result of the condition of the vehicle.” Plaintiff incurred no out of pocket expenses for the repairs or for substitute transportation. Nor did she receive alesser sum of money when she sold the vehicle to another dealer. The report disclosed evidence of expected repair costs to put the vehicle in the condition that defendant implicitly warranted the vehicle to have been in at the time of purchase. This sum approximated the monetary award by the trial judge.
The issue presented by this reportwas whether or notthere was evidence sufficient to justify the award of substantial damages.
1. In order for the plaintiff to prevail in an action for breach of implied warranty of merchantability, she had the burden of proving that the car she purchased was not reasonably suitable for the ordinary uses for which automobiles of similar type or description are sold and that such breach existed atthe time of the sale. Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980). The plaintiff has met the burden of proof as to the warranty and its breach. She showed to a fair preponderance of the credible evidence that the defect existed at the time of her purchase of the car from the defendant, as was found by the trial judge. See Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). The trial judge was entitled to credit the evidence that the defect was of such a nature that the car was inherently unsafe to drive, even though no problems in handling were evident.
The plaintiff, having met her burden of proving the warranty and its breach, is entitled to at least nominal damages. Hagan v. Riley, 13 Gray 515, 516 (1859). Therefore, no prejudicial error is manifest in the trial judge’s allowance of the request that a finding for the plaintiff is warranted. But the trial judge, in his written decision elucidating his rationale, erred in the determination of damages. Generally, damages are a question of fact and are rarely reviewable by the appellate division. Goldstein v. Sansoucy, 25 Mass. App. Dec. 112, 115 (1962). Although afmding offact is not, as such, a proper subject of a report, the issue whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts is a question of law that may be the subject of a report to the Appellate Division. Soutier v. Kaplow, 330 Mass. 448, 450 (1953); Leshefsky v. American Employers’ Ins. Co., 293 Mass 164, 167 (1936). See Heil v. McCann, 360 Mass. 507, 511 (1971), and cases cited. Furthermore, the judge’s denial of the defendant’s motion to amend judgment under Rule 59 (a), Dist./ Mun. Cts. R Civ. P., was expressly reported. That motion sought to reduce the award to a nominal amount, based upon perceived inconsistencies between the general and subsidiary findings. Such an order is properly reviewable in conjunction with an appeal of the judgment. Forte v. Muzi Motors, Inc., 5 Mass. App. Ct. 700, 701, n. 4 (1977).
2. The plaintiff would satisfy her burden of proving damages for a breach of warranty by showing a difference between the value of the car at the time and place of its acceptance with the defect and the value it would have had if it had been as warranted. G.L.c. 106, §2-714 (2). However, the report discloses no evidence of such diminution in value. The plaintiff is not restricted to proving her damages for breach of warranty solely by evidence of diminution in value. Under G.L.c. 106, §2-714 (1), a buyer who has accepted goods and has given due notice of the non-conformity of the goods “...may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller’s breach as determined in any manner which is reasonable...” See Matsushita Electric Corp. of America v. Sonus Corp., 362 Mass. 246, 263-264 (1972).
3. The difficulty in this case is the lack of evidence of substantial damages. The plaintiff apparently had no problems with the vehicle’s performance and did not incur expenses for repairs or substitute transportation. Nor was there any evidence of incidental or consequential damages. G.L.c. 106, §2-715(1) & (2). Plaintiff must establish her damages as a part of her prima facie case unless content with an award *37 of nominal damages. While the breach of warranty by the defendant was established, there was insufficient evidence of actual damage to support an award of anything more than nominal damages. Rose-Derry Corp. v. Proctor-Schwartz, Inc., 288 Mass. 332, 339 (1934). The trial judge declined to grant plaintiff relief under G.L.c. 93A, §9 because of her failure to disclose the condition of the car to the dealer to whom she sold it. No request for report was taken from this ruling. The Consumer Protection Act provides that where there has been an invasion of a legally protected interest, but no harmfor which actual damages can be awarded, the plaintiff is entitled to statutoiy damages of $25.00. See Leardi v. Brown, 394 Mass. 151, 157-160 (1985).
Prejudicial error is found in the denial of defendant!s motion to amend judgment by reducing the award to nominal damages. So much of the judgment as awards $3,500 is vacated. Since only nominal damages are recoverable, further proceedings on remand are unnecessary. May v. Gillette Razor Company, 18 Mass. App. Ct. 916 (1984).
SO ORDERED.