Flatley, J.
This is an action to recover damages for the defendant’s alleged breach of warranty and unfair or deceptive practices in violation of G.L.c. 93A, §11 in its sale of a 1986 Ford Econoline Van to the plaintiff.
After trial, the court found for the plaintiff in the amount of $2,500.00 plus interest, *168 costs and $1,500.00 in attorney’s fees. The trial judge expressly found that there had been a breach of the warranty of merchantability, and that such breach also constituted a violation of G.L.c. 93A The court declined, however, to order multiple damages.
The plaintiff purchased her vehicle, a new 1986 Ford Cargo Van, for $13,600.00 from Gibbs Ford, Inc. on September 15,1986. The van carried a two year or twenty-fourthousand mile warranty on the powertrain and aoneyear or twelve thousand mile warranty on everything else except tires. From the outset, the plaintiff had problems with the vehicle. The plaintiff brought the vehicle back to Gibbs Ford for warranty work on October 15, October 23, November 20, and December 29,1986 and on March 16,1987, primarily because the engine lacked power and expelled smoke and oil. Gibbs Ford neither charged the plaintiff for the labor and materials it provided, nor refused to perform any warranty work. The plaintiff remained dissatisfied with the work performed, and did not return to Gibbs Ford after March 16,1987.
The plaintiff had subsequent work done on the van on five different occasions by another authorized Ford dealer, Route 128 Ford. When this work proved unsatisfactory, the plaintiff took the van to Automotive Performance, a garage which was not authorized either as aFord dealer, orto perform warranty work for Ford. Automotive Performance did approximately $2,000.00 in repairs to the van. On May 24,1988, within the Ford warranty period, Automotive Performance finally removed and replaced the engine at a cost of $4,153.00.
In the summer of 1989, the plaintiff had a second new engine installed in the van by still another mechanic, Auto Ex Tras.
In February, 1989, plaintiffs counsel forwarded a G.L.c. 93A demand letter to the defendant. The letter did not mention that a new engine had already been installed by Automotive Performance, but stated that a new engine was needed and requested paymentof$4,000.00forthecost. Atthe time ofthedemand letter, the warranty period had expired. Gibbs Ford responded to the plaintiff’s demand letter with a requestthat the plaintiff bring the van back to GibbsFord. On March 11, 1989, the van was brought to Gibbs Ford for a free diagnostic test. On learning that a new engine had been installed at another repair shop, however, Gibbs Ford suggested the problem should be taken up with the repair shop that installed the new engine.
This action was commenced in May, 1989. At the time of trial in June, 1991, the plaintiff still owned the van which had mileage on it of 55,000 miles.
The trial judge made the following subsidiary findings of fact:
[P] laintiff brought the vehicle back to the defendant repeatedly because the vehicle lacked power and stalled. In the course of repair efforts, the car developed aproblemwith smokecoming out of the engine compartment. In spite of numerous repair efforts through March of1987, including one which caused the plaintiff to lose the use of the new vehicle for a month, defendant was unable to correct the problem of lack of power. Defendant conceded the problem, but was unable to find the cause.
Justifiably frustrated, the plaintiff had repairs done elsewhere, including twice replacing the engine. I do not, however, charge the defendant with those repairs.
I do find that in selling a car with a condition causing lack of power and stalling and in failing to repair in spite of repeated opportunities, the defendant breached its warranty of merchantability since the vehicle was not one which would pass without objection in the trade as a new vehicle.
I find the plaintiff’s damages from diminution of value and loss of use to be $2,500.00. While Ifmd the breach of warranty to also constitute a violation *169 of G.L.c. 93A, §2,1 do not find the case an appropriate one for multiple damages....
The defendant now claims to be aggrieved by the court’s findings of fact and its disposition of the following three requests for rulings submitted by the defendant:
2. That there is not sufficient evidence to warrant a finding for the plaintiff.
DENIED.
4. That as a matter of law the plaintiff cannot recover for breach of warranty or breach of contract if the plaintiff did not comply with the conditions precedent of the warranty terms of the contract.
DENIED. There are no conditions to the warranty of merchantability and plaintiff made more than reasonable efforts to have defendant repair the vehicle.
7. As a matter of law a finding for the defendant is required on any 93A claim if the Court finds that the defendant never refused warranty work.
DENIED. Moreover, I find that the defendant’s concession that it could not identify or correct the problem constituted a constructive refusal.
1. There was no error in the court’s denial of defendant’s.request number 4. General Laws c. 106, §2-314(2) expressly provides that
Goods to be merchantable must at least be such as (a) pass without objection in the trade under the contract description; and... (c) arefitforthe ordinary purposes for which such goods are used; ...
Contrary to the defendant’s request, there are no statutory conditions precedent to the operation and enforceability of the warranty of merchantability. Such implied warranty automatically attaches to any sale of goods in this Commonwealth. G.L.c. 106, §2-314(a).[1]
Merchantability and fitness are questions of fact to be resolved by the trial court, see Back v. Wickes Corp., 375 Mass. 633, 641 (1978), as is the issue of any breach of implied warranties. See, e.g., Bliss v. Elberry Motor Corp., 1984 Mass. App. Div. 5, 7. Evidence that, within one month of purchase, the plaintiff s new van required repairs for stalling, lack of engine power and smoke, and that such problems could not be repaired or even diagnosed after repeated efforts by the defendant amply warranted the court’s finding of a breach of the warranty of merchantability herein. See, e.g., Hunts. Perkins Machinery Co., 352 Mass. 535, 541 (1967) (smoking marine engine which could not be repaired after persistent efforts by seller was non-merchantable).
2. There was also no error in the court’s denial of defendant’s request number 7 *170 which dealt with the defendanf s performance under its express warranty. While the record before this Division does not contain details of such express warranty, it cannot be said that warranty obligations are satisfied by a defendanf s “best efforts.” The defendant’s argument that, despite its failure to correct the mechanical problems, it satisfied warranty requirements simply by performing work on the van at no cost to the plaintiff-buyer is a far too narrow view of a merchant’s obligations in this area. Clearly, the defendanfs warranty obligations required it to correct the engine problem, whether by repairs or replacement, while the van was still under warranty.[2]
Moreover, a breach of warranty may also constitute an unfair and deceptive act or practice. See Slaney v. Westwood Auto, Inc., 366 Mass. 688 (1975) (defendanf s failure to repair constituted both a breach of warranty and a violation of G.L.c. 93A, §9). See also Linthicum v. Archambault, 379 Mass. 381 (1979) (breach of warranty also actionable under c. 93A, §11). Whether the conduct complained of constituted an unfair or deceptive act is generally a question of fact for the trial court. Spence v. Boston Edison Co., 390 Mass. 604, 615 (1983). Evidence of the defendant’s failure to correct defects in the plaintiffs van after numerous attempts, entailing protracted periods of time which actually exceeded thirty days, supported the trial court’s finding of a refusal to repair under the warranty amounting to a violation of G.L.c. 93A
The trial courf s assessment of damages was also proper. An award of counsel fees to the plaintiff was appropriate in view of the court’s G.L.c. 93A finding, and the defendant has raised no issue as to the amount of those fees on this appeal. With respect to actual damages, only a single recovery is permitted where, as in the instant case, both a breach of warranty and a G.L.c. 93A violation gives rise to the same damages. Calimlim v. Foreign Car Center, Inc., 392 Mass. 228 (1984). In the absence of a determination that the defendant acted knowingly or intentionally, the court correctly declined to order double or treble damages. See Service Publications, Inc. v. Goverman, 396 Mass. 567 (1986).
3. Finally, there was obviously no error in the trial court’s denial of defendant’s request number 2 which sought a determination that, as a matter of law, the evidence was insufficient to permit afinding for the plaintiff. Anapolle v. Carver, 327 Mass. 344, 346 (1951). As noted, evidence of the defendanf s failure to repair defects in the new *171 van sold to the plaintiff amply warranted findings in the plaintiffs favor on her claims for breach of warranty and G.L.c. 93A violations.
There being no error, the report is dismissed.
So ordered.

 There is obviously no merit to the defendant’s argument that the denial of request number 4 was error because the plaintiff claimed only a breach of express warranties, and did not plead or prove a breach of the warranty of merchantability. In addition to breach of an express warranty, the plaintiffs complaint also alleged a contract for the sale of goods, and sought judgmentinherfavorforthe defendant’s “breach ofwarranties.” The defendant’s answer denied “any breach of warranty or breach of any obligations to the plaintiff.” The question of merchantability and breach of the implied warranty for the same was obviously open on the pleadings.

 While not pleaded or proved in this case, the so-called new car “Lemon Law” is instructive. Section 7N1/2 (4) provides “A reasonable number of attempts shall be deemed to have been undertaken to conform a motor vehicle to any applicable express or implied warranties if (a) the same nonconformity has been subject to repair three or more times ... within the term of protection, but such nonconformity continues to exist or ... has recurred within the term of protection, or (b) the vehicle is out of sendee by reason of repair of any nonconformity for a cumulative total of fifteen or more business days during the term of protection....” Under either prong of the statute, the plaintiffs van would have been deemed nonconforming, and the defendant would have been viewed as having exhausted a reasonable number of attempts to comply with its warranty obligations. All work done by the defendant was performed within the first year of sale (the statutory term of protection), and the van was in the defendant’s shop in excess of thirty days atone time andforshorterperiods during other repair attempts, all of which were to no avail.
It is essential to note that the statute further and expressly provides that the dealer shall effect such repairs as are necessary to conform the vehicle to the warranty. Clearly, best efforts are inadequate.
If such repairs are not effected, the manufacturer must accept the return of the vehicle for a full refund, less an allowance for use or replacement of the vehicle. While the applicable period of time to exercise rights under the Lemon Law would have elapsed at the time this suit was commenced, an application of the statutory formula would begin with the plaintiffs purchase price of $13,600.00, less an allowance for 55,000 miles, resulting in a figure of approximately $7,500.00, with the plaintiff relinquishing title to the automobile. Given the plaintiffs expenditure of thousands of dollars to twice replace the engine and her continued use of the van, we cannot say that the court’s award of $2,500.00 for diminution of value was in error as a matter of law.