Kelly, J.
In this construction contract action, the defendant Franton Realty, Inc. (Franton) claims that it is aggrieved and entitled to relief from the trial court’s finding for the plaintiff, Stephen G. Harold d/b/a S.G. Harold Contracting Company (Harold) on counts II, III, IV of the complaint, by the denial of Requests forRuling numbered 5,6,7,9, and 38 and by the finding for the defendant-in-counterclaim Harold on the counterclaim of Franton Realty, Inc.
The plaintiff, a plumbing contractor, asserts that he provided services to the defendant and was not paid an amount of $2,980.80 due under his contract with the defendant. The defendant asserts that it paid certain monies due under the contract, then terminated its contract with the plaintiff and owes the plaintiff nothing. Furthermore, defendant Franton claims that it is entitled to recovery on its counterclaim under M. G.L.c. 93A because the plaintiff “unfairly and maliciously” placed a mechanics lien on certain of its property.
After trial, the court found for the plaintiff on counts I, II, III, and IV and assessed damages against Franton in the amount of $2,980.80, doubled pursuant to Chapter 93A, for a total of $5,961.60. The court ordered judgment for the plaintiff, Harold, on the counterclaim of Franton and thereby rejected the Chapter 93A claim put forth by Franton.
Franton is aggrieved by Rulings 5,6,7,9, and 38. The Defendant’s Requests and the Court’s Rulings are as follows:
5. The notice of contract filed by Plaintiff, Harold, on January 12, 1989 describes a different contract between said Plaintiff and Defendant, Franton, than that filed by said Plaintiff of January 18,1989.
Ruling: Denied.
6. The attempt of Plaintiff, Harold, to perfect a lien against Defendant, Franton, by filing a Notice of Contract on January 23,1989 was a nullity, (citations omitted)
Ruling: Denied.
7. The failure of plaintiff, Harold, to record an extension of the completion date of the parties’ contract from December 31,1988 to January 31,1989 rendered his claim of lien invalid, (citations omitted)
Ruling: Denied.
9. The filing of the second Notice of Contract on J anuary 23,1989 with a new completion date does not serve to revive the prior attemptto claim alienfiled on January 18,1989.
*165 Ruling: Denied.
38. It is an unfair and deceptive act to place a lien upon real estate which was not the subject of the contract between the parties.
Ruling: Denied.
Requests Numbered 5,6,7, and 9 are requests for findings of fact. It is settled that the court need not rule on requests for findings of fact. Stella v. Curtis, 348 Mass. 458, 461 (1965); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 204, 205.
The defendant mounts a two-fold challenge to the plaintiffs use of a lien. First, the defendant asserts that the plaintiffs action in placing a lien on property not involved in the contract was an unfair and deceptive trade practice. Second, the defendant asserts that the attempt to use a lien was per se unfair and deceptive because it was malicious and designed to coerce the defendant into settlement.
Whether conduct complained of constitutes an unfair and deceptive practice is a question for the trial court. Santosuosso v. Gibbs Ford Inc., 1992 Mass. App. Div. 167, 170. M.G.L.c. 254 provides that a lien may be placed on property by a contractor in a dispute such as this one. In addition, it is well within the trial court’s discretion to decide, based on thefacts, whether the plaintiff violated M.G.L.c. 93A by placing a lien on the defendant’s property.
According to the Report, there was evidence tending to show that the plaintiff conceded that it erroneously filed a lien against a property not involved in the parties’ dispute and, upon notice of that fact, removed the faulty lien. The trial court made specific findings regarding this matter: ‘The court finds that plaintiffs effort to establish and enforce a lien under M.G.L.c. 254 was fair and reasonable under the circumstances and was not designed to be deceptive or to intimidate or coerce the defendants in violation of Chapter 93A.”
Furthermore, the court also found that “ [p] laintifif s work was well done and at all times in compliance with the terms and conditions of the contract. There were no damages owed by the plaintiff to the defendant.” See Ruling Number 36.
Request Number 38 was properly denied because it was within the trial court’s discretion to find that the plaintiffs erroneous first attempt to secure a lien on the property of the defendant was not an unfair, deceptive, and unreasonable business practice. Regarding request number 38 itself, it is not a correct proposition of law. M.G.L.c. 223, §42, for example, provides that ‘Tal 11 real and personal property liable to be taken on execution...may be attached...in any action in which the damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover.” (emphasis added)
Finding no error, the Report is dismissed.