Curtin, J.
This is an action by the purchaser of a used motor vehicle to recover for the defendant-seller’s alleged misrepresentation, fraud, breach of implied warranties and G.L.c. 93A unfair and deceptive acts. After a jury-waived trial, a finding for the plaintiff was entered on his misrepresentation and G.L.c. 93A claims, and treble damages, attorney’s fees and costs were awarded. The defendant has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
In late June, 1997, plaintiff Lloyd F. Stigman went to the defendant’s dealership, Americar Superstore, to look at used sports cars. He test drove a 1987 Chevrolet Corvette with an odometer reading of approximately 45,000 miles. After the test drive, he noticed certain problems and informed the salesman that both the brakes and shocks were rusty and needed replacement, and that the engine made a ticking noise. Further, the springs on the engine hood were jammed, and a mechanic had to be called to open the hood to permit the plaintiff to inspect the engine. The trial judge, who took a view of the Corvette, found that the plaintiff must also have noticed that the front tires were oversized and extended beyond the fenders, leaving less than a 1/4 inch between the tire tread and fender rims. The plaintiff asked for a reduction in the sales price, but the salesman responded that the defendant could not lower the price because the car was in such “mint condition.” The plaintiff purchased the Corvette on June 30, 1997 for $14,119.00. The car passed the state safety test and received an inspection sticker.
Within days of the purchase, the plaintiff returned to the defendant’s dealership with a list of more than a dozen alleged defects in the vehicle. The defendant arranged for the Corvette to be evaluated by an agent repair service (“Getty”). While there was testimony by the Getty mechanic that a number of repairs were made, there was no evidence that the plaintiff’s most serious concerns were addressed; namely, smoke and noise from the front end when the car went over bumps in the road, and a shaking of the vehicle and faulty steering at speeds greater than 45 miles per hour. On July 8,1997, the plaintiff provided the defendant with an extensive list of remaining defects and demanded full repairs or a refund of the purchase price. The defendant’s manager test drove the vehicle and denied that there were any problems.
The plaintiff obtained separate repair estimates from two Chevrolet dealerships *224 which indicated that the Corvette had, inter alia, rear axle bearing, brake and transmission problems. On August 6,1997, plaintiffs counsel sent a formal G.L.c. 93A demand letter to the defendant for repairs or a full refund. The dealer responded on August 15,1997 with an offer “to repair the noise in the rear of the vehicle and check out [the plaintiffs] other concerns.” A second G.Lc. 93A letter demanding either rescission or arbitration was sent on September 10, 1997. The defendant did not respond. The plaintiff operated the Corvette until sometime in October, 1997, and the car has since remained parked in his yard. This action was commenced in December, 1997.
The trial judge made extensive findings of fact, upon which he concluded that: 1) the salesman’s statement that the Corvette was in “mint condition” was a knowing misrepresentation of material fact upon which the plaintiff reasonably relied to his detriment, and 2) that the misrepresentation constituted an unfair and deceptive act in violation of G.L.c. 93A.[2] The judge determined that the plaintiff suffered single damages of $14,179.00 (the full purchase price of the caí[3] plus the cost of an independent mechanic’s evaluation), and awarded treble damages of $45,537.00 pursuant to G.L.c. 231, §85J. The court also found that the defendant’s knowing misrepresentation and failure to respond adequately to the G.L.c. 93A demand letters constituted a wilful violation of G.L.c. 93A, §9 which would also have permitted an award of treble damages had the plaintiff not recovered full damages under §85J. The court awarded reasonable attorney’s fees and costs pursuant to G.L.c. 93A, §9.
1. To recover on his claims for fraud and misrepresentation, the plaintiff was required to establish by a preponderance of the evidence that he reasonably relied to his detriment on a false statement of material fact made by the defendant to induce him to act. Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982); Rood v. Newberg, 48 Mass. App. Ct. 185, 192 (1999).
To be actionable, a false statement must be one of fact rather than one of “expectation, estimate, opinion or judgment.” Zimmerman v. Kent, 31 Mass. App. Ct. 72, 79 (1991). See also Yerid v. Mason, 341 Mass. 527, 530 (1960). A representation is ordinarily considered one of opinion instead of fact if it merely expresses the maker’s “judgment as to quality, value, authenticity or other matters of judgment.” McEneaney v. Chestnut Hill Realty Corp., 38 Mass. App. Ct. 573, 575 (1995), quoting from RESTATEMENT (SECOND) OF TORTS §538A (1977). Thus statements of the superlative quality or condition of items for sale are customarily deemed mere “puffing” or “seller’s talk” and are not actionable. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 823 (1982); STE Financial Corp. v. Popkin, 1991 Mass. App. Div. 204, 207. Kabatchnick v. Hanover-Elm Bldg. Corp., 328 Mass. 341, 344 (1952). See, e.g., Rosenbush v. Learned, 242 Mass. 297, 300 (1922) (“prime elegant merchandise” in “first-class condition” held seller’s talk). The salesman’s characterization of the condition of the ten year old Corvette, with its numerous, visible defects, as “mint” (pristine or like new) would fall into the *225 category of “seller’s talk.”[4]
2. Even assuming arguendo that the statement in question was an actionable misrepresentation, the plaintiff failed to prove the second element of his claim; i.e., that his reliance on that statement was reasonable. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 523 (1989); Saxon Theatre Corp. of Boston v. Sage, 347 Mass. 662, 666-667 (1964). While reliance is ordinarily a question of fact for a trial court, Cataldo Ambulance Serv., Inc. v. Chelsea, 426 Mass. 383, 387 (1998); Nei v. Burley, 388 Mass. 307, 314 (1983), neither the judge’s subsidiary findings, nor any reasonable view of the evidence, would support a finding of justifiable reliance in this case. Reliance is unreasonable as a matter of law when the representation in question is “palpably false.” Yorke v. Taylor, 332 Mass. 368, 374 (1955); Zimmerman v. Kent, supra at 81. The salesman’s statement that the Corvette was in “mint condition” was made after the plaintiff commented on several obvious defects in the car which included bad brakes, bad shocks, a jammed hood and engine noises. The trial judge found that the problem with the tires was also clearly visible. “The recipient of a fraudulent statement is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.” RESTATEMENT (SECOND) OFTORTS §541 (1976).
3. Unreasonable reliance is a complete bar to any recovery on a claim for misrepresentation or deceit. Mahaney v. John Hancock Mut. Life Ins. Co., 6 Mass. App. Ct. 920 (1978). The trial court’s judgment for the plaintiff pursuant to G.L.c. 231, §85J must, therefore, be reversed.
A G.L.c. 93A claim “goes far beyond the scope of the common law action for fraud,” Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975) and does not necessarily require proof of reasonable reliance. Zayre Corp. v. Computer Systems of America, Inc., 24 Mass. App. Ct. 559, 570 (1987). In this case, however, the trial judge’s finding of unfair and deceptive practices by the defendant was expressly based solely on the plaintiffs claim for misrepresentation. For that reason, the court’s G.L.c. 93A finding for the plaintiff must also be reversed. Macoviak v. Chase Home Mortg. Corp., 40 Mass. App. Ct. 755, 760 (1996).[5]
The trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant.
So ordered.

 The court also found that the plaintiff revoked his acceptance of the Corvette. The record is devoid, however, of evidence of any notice to the defendant of revocation. See Connecticut Inv. Casting Corp. v. Made-Rite Tool Co., 382 Mass. 603, 607-608 (1981).

 The proper measure of damages for deceit is not the purchase price, but the difference between the actual value of the Corvette as received and what its value would have been had the representation been true. Melvin v. H.J. Nassar Motor Co., 355 Mass. 692, 694 (1969); Altoonian v. Flagship Motor Cars, Inc., 1999 Mass. App. Div. 74, 75. Given our disposition of this appeal, it is unnecessary to address the court’s calculation of damages at length.

 Contrast the circumstances in Briggs v. Carol Cars, Inc., 407 Mass. 391 (1990), in which the used car dealer’s statement to the uninformed buyer that the vehicle was in “good condition” amounted to an actionable misrepresentation that the vehicle was “safe and operable and that the vehicle’s oil requirements would be far less than they turned out to be.” Id. at 395-396.

 Count IV of the plaintiffs complaint sought recovery for breach of implied warranties. The evidence of serious defects in the Corvette apparent from the date of sale and the defendant’s refusal to repair or acknowledge the same would have warranted a finding for the plaintiff for breach of the implied warranty of merchantability, Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980); Ashley v. Boch Toyota, Inc., 1992 Mass. App. Div. 35, 36, and unfair and deceptive acts in violation of G.L.c. 93A. Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 235 (1984); Santosuosso v. Gibbs Ford, Inc., 1992 Mass. App. Div. 167, 170. The record indicates, however, that the plaintiff did not pursue this claim at trial. No reference to implied warranties was made in closing argument and, more importantly, none of the plaintiffs fourteen requests for rulings of law addressed the issue. The plaintiff did not appeal the trial judge’s failure to make any specific findings and rulings under Count IV, and has not submitted any brief on this appeal.