DAVID W. PAGE *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY. May 8, 1980. The plaintiff, a surgeon, brought an action in the Superior Court against the defendant, alleging breach of contract and negligence in the defendant's failure to list the plaintiff in the Yellow Pages section of its 1976 telephone directory for the Springfield area.

A Superior Court judge allowed the defendant's motion for a directed verdict on the negligence count at the close of the evidence. The jury assessed "nominal" damages on the contract count, but, following instructions by the judge that a dollar figure must be used, the jury inserted the additional language of "Ten Thousand Dollars" on the jury slip. The defendant filed a motion under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), to alter and amend the judgment. The judge allowed the motion and reduced the verdict to $1.00. The plaintiff appeals from the ensuing amended judgment, claiming that it was error to allow the motion to alter and amend. The plaintiff also claims that the allowance of the defendant's motion for a directed verdict was error. We agree with the result and reasoning of the trial judge.

1. "[T]he complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis." *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632, 635 (1962), quoting from *John Hetherington & Sons, Ltd.* v. *William Firth Co.*, 210 Mass. 8, 22 (1911). Having made no showing of pecuniary loss, the plaintiff was entitled only to nominal damages. See *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*,

*supra* at 634. Even with due allowance for relative values and the ravages of inflation, $10,000 is not nominal. See *Magnett* v. *Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973); *United States ex rel. Tyrrell* v. *Speaker*, 535 F.2d 823, 829-830 (3d Cir. 1976). See also McCormick, Damages § 21 (1935).

The court had power under rule 59(e) to correct the error committed by the jury. See *Mumma* v. *Reading Co.*, 247 F. Supp. 252, 260 (E.D. Pa. 1965). Cf. *Shears* v. *Metropolitan Transit Authy.*, 324 Mass. 358, 360 (1949). See also 11 Wright & Miller, Federal Practice and Procedure § 2807, at 50 (1973). Moreover, the verdict of $1.00 is consistent with the judge's instructions explaining nominal damages, to which there was no objection.

2. The judge did not err in directing a verdict in favor of the defendant on the negligence count. On this record, we think that there is insufficient evidence of negligence (including no showing of damages) on the part of the defendant to support a verdict in the plaintiff's favor. See *Mirick* v. *Galligan*, 372 Mass. 146, 147-148 (1977). See also *Cannon* v. *Sears, Roebuck & Co.*, 374 Mass. 739, 742 (1978), and authorities cited.

*Judgment affirmed.*

*Arthur D. Serota* for the plaintiff.
*William J. LeDoux* for the defendant.