DAVID W. PAGE vs. NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Hampden. December 2, 1980. — April 1, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Damages*, Contract, Nominal damages. *Practice, Civil*, Verdict.

Where the jury in a contract action returned a verdict for the plaintiff assessing damages "in the sum of nominal" and, after being sent back for the limited purpose of putting a dollar amount on the finding of nominal damages, added after "nominal" $10,000, it was proper for the judge to correct the judgment by amending it to read that the plaintiff recover $1.00. [251-252]

CIVIL ACTION commenced in the Superior Court on July 22, 1977.

The case was tried before *Hayer*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Alan M. Katz* for the plaintiff.

*William J. LeDoux* for the defendant.

BRAUCHER, J. The plaintiff, a surgeon, brought an action against the defendant, alleging negligence and breach of contract in failing to list the plaintiff in the Yellow Pages of its 1976 telephone directory for the Springfield area. See *Pupillo* v. *New England Tel & Tel. Co.*, 381 Mass. 714 (1980); Annot., 92 A.L.R.2d 917, 920 (1963). At the close of the plaintiff's evidence the judge directed a verdict for the defendant on the negligence count. On the contract count, he instructed the jury that damages "cannot be by conjecture, surmise or guesswork, or by sympathy. They have to be actually proven to you." Further, he said, "if you find, for example, that there is a contract and that there was a breach and there were no damages proven to you in this

particular case, then you would be warranted in finding for the Plaintiff and bringing nominal damages. Nominal damages are defined as minimal damages, not significant damages, existing in name only, not actual, slight, not considerable damages."

The jury returned a verdict on a verdict form reading as follows: "The jury find for the plaintiff *that a contract did exist and that it was violated by the defendant.* and assess damages in the sum of *nominal*" (The words in italics were handwritten on the form). By agreement of the parties, the jury were sent out again to put a "dollar and cents amount, whatever it may be, after your finding in this particular case. In other words, you made a finding of nominal damages, so put a figure after it, whatever that nominal damage is." Thirty minutes later the jury returned, having added, after "nominal," "Ten Thousand Dollars $10,000.00." The verdict was recorded and judgment was entered for the plaintiff for $10,000.

Within ten days the defendant moved under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), to alter or amend the judgment to read that the plaintiff recover $1.00. The judge allowed the motion. The Appeals Court affirmed the judgment as amended. 9 Mass. App. Ct. 916 (1980). We granted the plaintiff's application for further appellate review to consider whether the judge had improperly invaded the province of the jury. We affirm the judgment of the Superior Court.

As to the direction of a verdict on the negligence count, we have nothing to add to the opinion of the Appeals Court. On the contract count, we agree with the Appeals Court that, in the absence of a showing of pecuniary loss, the plaintiff was entitled only to nominal damages. See *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632, 634 (1962). Cf. *Irish* v. *Mountain States Tel. & Tel. Co.*, 31 Colo. App. 89, 92-94 (1972) (substantial damages shown). Ten thousand dollars is not nominal. See *United States ex rel. Tyrrell* v. *Speaker*, 535 F.2d 823, 829-830 (3d

Cir. 1976); *Magnett* v. *Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973); McCormick, Damages § 21 (1935).

When the jury first returned its verdict, the judge could have accepted the verdict and added a $1.00 amount himself. See *Chaffee* v. *Pease*, 10 Allen 537 (1865). "Before a verdict has been affirmed and recorded," however, "the judge may set it aside or instruct the jury and send them out for further deliberation." *Commonwealth* v. *Brown*, 367 Mass. 24, 28 (1975), and cases cited. If, as the judge apparently thought at the close of the evidence, the evidence warranted a verdict for substantial damages, and if the jury were sent out to reconsider damages, we do not think the judge could properly undertake to resolve the ambiguity of a verdict in the amount of "nominal Ten Thousand Dollars."

Here, however, the jury were sent out again for a very limited purpose. They were instructed to "put a figure after it, whatever that nominal damage is." They obviously did not follow that instruction. Thus the judge was not "called upon to find different facts from the evidence, but merely to correct the judgment by striking out that portion which was erroneous because it lacked both legal and factual justification. Rule 59 (e) is designed for precisely such situations." *Mumma* v. *Reading Co.*, 247 F. Supp. 252, 260 (E.D. Pa. 1965).

*Judgment of the Superior Court affirmed.*