Furnari, J.
This is an action in contract to recover on the defendants’ alleged written guaranty of the debts of Winnipesaukee Chalets, Inc. which had purchased goods from the plaintiff.
Judgment was entered for the plaintiff.
The defendants claim to be aggrieved by the trial judge’s refusal to act on then-requests for rulings of law on the ground that the requests were “couched in factual terms.” We hold that the defendants’ requests, though inartfully orawn, properly sought rulings of law which required judicial action.
The report indicates that the plaintiff sold goods to Winnipesaukee Chalets, Inc. (“Winnipesaukee”). The defendants had given a written power of attorney to then-son, Leonard Appell, to act “in [their] name ... to purchase land or real property in conjunction with Winnipesaukee ... [to] sign all... instruments necessary for the payment of [their] debts... in conjunction with Winnipesaukee...”
On June 27,1984, the plaintiff obtained a New Hampshire Superior Court default judgment against both Winnipesaukee and Leonard. Thereafter, on June 27,1987, this suit was commenced in the Malden Division to recover on the defendants’ purported guaranty. The guaranty was not signed by the defendants, but was *205 executed in their name by Leonard Appell.
The defendants denied any liability to the plaintiff, and pleaded, inter alia, the following affirmative defenses: (1) Statute of Limitations; (2) lack of genuineness of the signatures to the guaranty; and (3) failure of consideration for the guaranty. At trial, and again on this appeal, the defendants have also contended that the plaintiff failed to identify the defendants at trial; to prove that the New Hampshire Judgment is entitled to Full Faith and Credit; and to establish that the Power of Attorney given’ by the defendants authorized Leonard Appell to execute the guaranty in question.
1. It is established that a District Court judge is ordinarily not required to set forth findings of fact, DisL/Mun. Cts. R. Civ. P., Rule 52(a); Gardner v. Burke, 1986 Mass. App. Div. 161, 162; Liberatore v. Framingham, 315 Mass. 538, 543 (1944), even if requested to do so by a party. Bianchi v. Denholm McKay Co., 302 Mass. 469, 470 (1939). The denial of requests for findings of fact not required by the evidence as a matter oflaw is thus customarily proper. Mastercraft Wayside Furn. Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955). Conversely, a trial judge is obligated to act upon requests for rulings of law which state correct legal principles and which are both pertinent to the issues and applicable to the evidence. Bangs v. Farr, 209 Mass. 339, 344 (1911). The propriety ofthe trial court’s refusal herein to act upon the defendants’ requests because they were “couched in factual terms” depends, therefore, upon whether the requests at issue actually sought findings of fact or rulings of law. The character of arequest is determined not by its caption, but by its nature and substance. Castano v. Leone, 278 Mass. 429, 431 (1932).
Each of the defendants’ requests sought a determination “on all the evidence” or “on all the evidence and the law” that the plaintiff had not sustained its burden of proof on several decisive elements of the case. Requests directed to the opposing party’s burden of proof clearly seek legal rulings as to the sufficiency ofthe evidence to permit afinding in favor ofthe opposing party. See, e.g., Champlin v. Jackson, 313 Mass. 487, 491 (1943). A request which so tests the sufficiency of the evidence is uniformly accepted as a “‘proper’, ‘pertinent’ or ‘relevant’ request for a ruling of law and not a request for afinding of fact, and must be passed upon by the judge.” Stella v. Curtis, 348 Mass. 458, 461 (1965). Requests for rulings, Dist./Mun. Cts. R. Civ. P., Rule 64(b), are indeed recognized as the primary method of raising and preserving an issue oflaw as to the sufficiency ofthe evidence. Bandera v. Donahue, 326 Mass. 563, 564 (1950); Maccarone v. Phillips, 1986 Mass. App. Div. 17, 19.
The defendants’ requests also specified particular issues of law, pertinent to the evidence and dispositive ofthe plaintiffs claim. See Gibbons v. Denoncourt, 297 Mass. 449, 450 (1937). Requests numbers ID and 5, for example, sought a ruling as to whether the terms of the Power of Attorney given by the defendants authorized Leonard Appell to execute the guaranty which forms the basis of the plaintiffs claim. The construction of a written instrument is a question of law for the court Tri-City Concrete Co. v. A.L.D. Construc. Co., 343 Mass. 425, 427 (1962). Requests numbers 1A and 2 sought a legal ruling that the Statute of Limitations has expired on the plaintiffs claim. Requests numbers IB and 3 sought a legal determination that the plaintiff failed to introduce sufficient evidence to identify the defendants at trial
2. We conclude, therefore, that the defendants’ requests properly sought rulings of law which required judicial action. The court’s refusal to rule upon requests cognizable under Dist./Mun. Cts. R. Civ. P., Rule 64(b) constituted a constructive denial thereof. Hogan v. Coleman, 326 Mass. 770, 773 (1951); John Hetherington & Sons Ltd. v. William Firth Co., 210 Mass. 8, 17 (1911).
The focus of appellate review of such constructive denial is the same as if the requests for rulings had been expressly denied. Georgeopoulos v. Georgeopoulos, 303 Mass. 231, 234 (1939). We proceed, therefore, to a consideration of whether, on the entire case, the denial was harmless error, or whether the rights of the parties have been so prejudiced as to require a reversal of judgment or a new trial.
*206 The court’s constructive denial of requests for rulings IB and 3 was error. These requests sought a determination that the plaintiff failed to introduce sufficient evidence to identify the defendants at trial. The report indicates that no writ, summons, sheriffs return or other document reflecting any nexus between the named defendants, and the persons involved in the contractual undertaking at issue was introduced at trial. The pleádings were not introduced into evidence. G.Lc. 231, §87. The defendants did not testify at trial. It is elementary that something more than a mere similarity of names is required to sustain a plaintiffs burden of proof on the question of identity. Deutsch v. Ormsby, 345 Mass. 485, 489 (1968); Hinds v. Bowen, 268 Mass. 55, 59 (1929).
Although it is unnecessary to the disposition of this appeal, we also note, parenthetically, that the Statute of Limitations may have expired on the plaintiffs claim. The complaint indicates that the plaintiffs action is one in contract to enforce the defendants’ alleged written guaranty of payment for goods sold and delivered to Winnipesaukee. An action in contract would have accrued on the date of sale or delivery of the goods. The only materials annexed to the report relevant to sale or delivery suggest that goods were sold to Winnipesaukee in 1977. The Massachusetts Statute of Limitations for contract actions is six years. G.Lc. 260, §2. The plaintiffs did not commence this suit until June 27,1987. Information not contained in the report before us, and apposite legal authority not advanced by the parties on this appeal will be required to resolve this critical issue.
3. Accordingly, the trial court’s judgment for the plaintiff is hereby vacated. This action is returned to the Malden Division for a new trial. So ordered.