Greco, J.
This is an action in tort to recover damages for personal injuries allegedly sustained by the plaintiff on March 4, 1993 in an automobile accident in Revere, Massachusetts. After trial, the court found for the plaintiff and ordered judgment to enter in the amount of $11,000.00. The court did not make findings of fact.
On March 1, 1994, the defendant filed a “Motion to Amend Finding of the Court” to have the amount awarded to the plaintiff reduced by $6,210.63. The documentation accompanying the motion suggested that personal injury protection (“PIP”) benefits in the amount of $6,210.63 had already been paid to the plaintiff pursuant to G.L.c. 90, §34M. The trial judge denied the defendant’s motion, stating:
There was no mention made of the PIP payments at the trial. No documentary evidence was presented. No requests for rulings were filed by either party. The first notice of the request for reduction was by this motion.
The defendant now claims to be aggrieved by the denial of his motion to amend.
While the report is silent on this issue, both counsel agreed at oral argument *39 before this Division that the plaintiff introduced evidence at trial of medical expenses totalling only $2,000.00. Since all of the plaintiffs medical expenses had been paid under G.L.c. 90, §34M and he was thus not seeking to recover damages for them in this action, plaintiffs counsel elected to put in evidence of medical expenses only to the extent necessary to satisfy the G.L.c. 231, §6D threshold for recovery for pain and suffering. It is also undisputed that the trial judge was never apprised of the payment of PIP benefits to the plaintiff.
The defendant contended, in both his motion to amend and argument to this Division, that he was precluded by the “collateral-source rule” from bringing evidence of the PIP benefits in question to the attention of the trial judge and, consequently, had to raise the matter by way of a post-judgment motion in order to prevent double recovery by the plaintiff. While the defendant’s purported purpose was to prevent the plaintiffs double recovery, the allowance of the defendanfs motion would have resulted in a windfall to the defendant; i.e., a reduction in the court’s judgment by not only $2,000.00 (the total medical expenses that could have been included in title judgment), but also an additional $4,200.00 (expenses the trial judge was never made aware of and which could not have been included in his assessment of damages).
Ordinarily, neither party in a tort action may introduce evidence of a source from which the plaintiff was compensated for the injuries for which he now seeks compensation from the defendant. The doctrine is generally applied to insurance coverage. See Goldstein v. Gontarz, 364 Mass. 800, 808-814 (1974). In the typical case, the existence of such coverage is simply not relevant.
The rational behind this so-called ‘collateral-source rule’ is that the receipt of such income does not lawfully reduce the plaintiffs’ damages, ‘yet jurors might be led by the irrelevancy to consider plaintiffs’ claims unimportant or trivial or refuse plaintiffs’ verdicts or reduce them, believing that otherwise there would be unjust double recovery.’
Corsetti v. Stone Co., 396 Mass. 1, 17 (1985), quoting from Goldstein v. Gontarz, supra at 809. The collateral-source rule, however, would not generally apply to the receipt of PIP benefits. Such benefits are statutorily “granted in lieu of damages otherwise recoverable by the injured person or persons in tort as a result of an accident occurring within this commonwealth.” G.L.c. 90, §34M. The statute establishes an exemption from tort liability. Thus unlike the typical compensation to which the collateral-source rule is applied, PIP benefits do “lawfully reduce” a plaintiffs damages. The receipt of such benefits, therefore, is relevant. In this case, the plaintiff put in evidence of certain medical expenses, and the defendant was entitled to show that he was exempt from liability for those expenses.
In cases tried before a judge sitting without a jury, the probative value of evidence of PIP payments would seldom be outweighed by any prejudicial effect. The considerations supporting the collateral-source rule, as described in Goldstein v. Gontarz, supra at 808-809, apply more to jury trials. It can be assumed that judges are aware of the statutory scheme created by G.L.c. 90, §34M. There is thus no need to shield them from evidence of PIP benefits, which they know exist, out of a concern for “undeserved verdicts ... and exaggerated awards,” or out of a fear that they will “be led... to consider plaintiffs’ claims unimportant or trivial.”Id. In addition, the appeals to sympathy discussed in Goldstein would have little applicability to non-jury trials. More fundamentally, for expense recoverable as PIP benefits, there can only be one recovery. If a judge’s findings included such damages, the amount due to a plaintiff under §34M would be reduced accordingly. If a judge’s finding did not include such damages, PIP benefits would still be owed.
PIP benefits, then, are much like other payments received by a plaintiff which are relevant and admissible. In Tritsch v. Boston Edison Co., 363 Mass. 179, 182-183 (1973), for example, the Supreme Judicial Court concluded that questions by Bos *40 ton Edison to the plaintiff concerning a settlement agreement he had reached with two joint tortfeasors were relevant because any such payments received would limit the possible recovery against Edison.[1] Similarly, amounts received by a plaintiff from one tortfeasor in exchange for a covenant not to sue “must be considered in mitigation of damages” in an action against a joint tortfeasor since “the plaintiff can have but one satisfaction.” Daniels v. Celeste, 303 Mass. 148, 152 (1939). While the analogy is less than perfect because the insurance company is not a wrongdoer, the insurance contract is effectively, in view of G.L.c. 90, §34M, a legislatively imposed covenant not to sue. Cf. G.L.c. 231, §60G which abolished the collateral-source rule in medical malpractice cases.
Since evidence of PIP benefits was not precluded by the collateral-source rule, the trial judge correctly noted that the plaintiffs receipt of such benefits should have been mentioned at trial. Cf. MacLachlan v. Brotherhood Oil Corp., 10 Mass. App. Ct. 811, 812 (1980) (a motion to correct the judgment was properly denied where neither the judge, nor the jury, was made aware of the details of a settlement with a joint tort-feasor). Other than his belief that the collateral-source rule applied, the defendant has given no reason why he did not attempt to introduce evidence of the PIP benefits at trial. It was incumbent upon him to do so. Once the evidence was introduced, the defendant should have also filed a request for a ruling of law that such benefits must be excluded from any damages awarded to the plaintiff.
It would seem rare that a plaintiff would object to the introduction of evidence of PIP benefits. (Indeed, it is the collective experience of this panel that the parties generally work this matter out between themselves). However, on occasion a plaintiff may contend that the prejudicial effect of such evidence outweighs its probative value. For example, where the benefits paid do not equal the plaintiffs expenses because the insurer has taken the position that certain medical expenses were not necessary or reasonably related to the accident, the plaintiff may fear that the insurer’s conclusion will have some effect on the judge. In such a case, when he objects to the introduction of PIP benefits, the plaintiff should request leave to bring the benefits to the judge’s attention after a decision is made so that any damages can, if necessary, be adjusted accordingly. Such a request should be routinely granted. Alternatively, a trial judge could make a specific finding as to the composition of any damages awarded to the plaintiff. While such a finding of fact is not required, see Dist./Mun. Cts. R. Civ. P., Rule 52(a); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 205, it would have the beneficial effect of obviating the need for an additional proceeding in the case.It would seem rare that a plaintiff would object to the introduction of evidence of PIP benefits. (Indeed, it is the collective experience of this panel that the parties generally work this matter out between themselves). However, on occasion a plaintiff may contend that the prejudicial effect of such evidence outweighs its probative value. For example, where the benefits paid do not equal the plaintiffs expenses because the insurer has taken the position that certain medical expenses were not necessary or reasonably related to the accident, the plaintiff may fear that the insurer’s conclusion will have some effect on the judge. In such a case, when he objects to the introduction of PIP benefits, the plaintiff should request leave to bring the benefits to the judge’s attention after a decision is made so that any damages can, if necessary, be adjusted accordingly. Such a request should be routinely granted. Alternatively, a trial judge could make a specific finding as to the composition of any damages awarded to the plaintiff. While such a finding of fact is not required, see Dist./Mun. Cts. R. Civ. R, Rule 52(a); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 205, it would have the beneficial effect of obviating the need for an additional proceeding in the case.[2]
*41 Since the applicability of the collateral-source rule to PIP benefits does not appear to have been expressly ruled upon, the defendant’s failure to introduce this evidence and his reliance instead on a post-judgment motion is understandable. In these circumstances, the trial judge should have addressed the defendant’s concerns in order to prevent further litigation and to avoid any possible “excessive compensation for the plaintiff.” Cf. Tritsch v. Boston Edison Co., supra at 183. In Tritsch, the Supreme Judicial Court overruled the exceptions because Edison had made no offer of proof as to the terms of the settlement. However, because the Court was concerned that the plaintiff might receive excessive compensation, it suggested that Edison file a bill in equity to bring the matter back before the Superior Court.
In the District Court, a post-judgment motion would be an analogous vehicle for the court to revisit the matter. In this case, defense counsel moved for an amendment of the trial judge’s findings. This motion was presumably made pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52(b) which provides that “[ujpon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.” The trial judge, however, was not required to make findings of fact and did not do so. Accordingly, there were no findings to amend or supplement.
In the present posture of this particular case, the appropriate method of returning the issue to the trial judge would have been a motion to alter or amend the judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59(e). Such a motion may seek simply to “clarify” a judgment. Freitas v. Freitas, 26 Mass. App. Ct. 196, 200 (1988). Under Rule 59(e), a trial judge is not “called upon to find different facts from the evidence, but merely to correct the judgment by striking out that portion which was erroneous because it lacked both legal and factual justification.” Page v. New England Tel. & Tel. Co., 383 Mass. 250, 252 (1981), quoting from Mumma v. Reading Co., 247 F. Supp. 252, 260 (E.D. Pa. 1965). To the extent that the judgment herein included amounts already paid to the plaintiff pursuant to G.L.c. 90, §34M, it would lack “legal and factual justification.”
Accordingly, it would now be appropriate for the trial judge to consider the defendant’s motion as one under Rule 59(e), to hear evidence about the payment of PIP benefits and to adjust his finding, if necessary, to avoid a double recovery. As noted above, however, the matter may not be as simple as subtracting the amount of PIP benefits purportedly paid ($6,210.63) from the judge’s assessment of $11,000.00 in damages. It does not appear that medical expenses in such an amount could have been included in that $11,000.00 amount. If, in fact, the plaintiff put in evidence of medical expenses only to the extent necessary to permit recovery for pain and suffering under G.L.c. 231, §6D, these were the only medical expenses known to the trial judge and thus the only amounts which could possibly have been included in the $11,000.00 figure. To allow more of a reduction would not protect against a double recovery, but would instead allow the defendant to escape full liability.
The denial of the defendant’s motion to amend is hereby vacated, and this case is returned to the trial court for further proceedings consistent with this opinion.
So ordered.

See also Boston Edison Co. v. Tritsch, 370 Mass. 260 (1976), in which the Supreme Judicial Court revisited the matter to deal with the proper allocation of the settlement amounts to interest and principal. The Court noted that [sjeveral of [its] cases indicate that settlement with a joint tortfeasor not a party to the action may be disclosed to the jury in order that they may adjust their verdict.” Id. at 265.

In this case, the PIP benefits were paid before trial. They need not have been. Section 34M provides that if a person entitled to such benefits brings a tort action, the benefits to which he is entitled “shall not become due and payable until a settlement is reached or a final judgment is rendered ... and the amounts then due shall be reduced to that extent that damages for expenses and loss otherwise recoverable as a personal injury protection benefit are included in any such settlement or judgment.” Where the insurer delays paying the PIP benefits and the relevant amounts are not evident or agreed upon by the parties, a defendant may request a trial judge to specify what part of any damages awarded to the plaintiff represents amounts recoverable as PIP benefits. Here again, while not required, such a finding of fact could save an extra court appearance in the litigation, or even preclude the need for new litigation. The burden on the court should not be significant since disputes on this issue seem seldom to arise.