LoConto, J.
This matter came before the Appellate Division on the defendants’ appeal of the trial judge’s denial of their motion to alter and amend the judgment. The defendants are aggrieved by the judge’s failure to reduce the plaintiff’s recovery by the “Personal Injury Protection” (PIP) benefits paid to the plaintiff in accordance with G.L.c. 90, §34M. They request that we find that prejudicial error occurred and that the award be reduced to the extent of PIP benefits paid. We find that the trial judge should have allowed the motion and determine the extent, if any, that PIP benefits should be applied to reduce the plaintiff’s judgment.
The parties do not dispute the essential facts. The plaintiff, as an operator of a motor vehicle, brought this claim against the defendants as owner and operator of another motor vehicle, for injuries he alleged were the result of the negligent operation of the defendants’ vehicle. At the trial on January 11, 1996, neither party introduced evidence that the plaintiff received PIP benefits of $2,793.00 for medical bills, $5,207.00 for lost wages and an additional $800.00 as unallocated payments. Nor did the parties stipulate that any award to the plaintiff should be reduced by the PIP benefits paid. In fact, the parties never mentioned the payment of PIP benefits in the course of the trial. After trial, the judge issued amended findings, rulings of law and an order of judgment. He found that the plaintiff incurred $6,049.60 for reasonable medical expenses and total damages in the amount of $14,000.00. That amount was reduced by 50%, to represent the comparative negligence of the defendant operator. The defendants claim that the trial judge committed error by his failure to reduce the plaintiff’s recovery to $0.00 damages.
The law provides in part that... “benefits due and payable under any motor vehicle liability policy or bond as a result of the provisions therein providing personal injury protection benefits,... are granted in lieu of damages otherwise recoverable by the injured person or persons in tort as a result of an accident occurring within this commonwealth.” G.L.C. 90, §34M. That is, “... if the judge’s findings included such damages, the amount due to a plaintiff under §34M would be reduced accordingly. If a judge’s finding did not include such damages, PIP benefits would still be owed.” Mester v. Barrett, 1995 Mass. App. Div. 38, 39. The problem here is that neither party introduced the payment of PIP benefits during the trial, even though such evidence would have been admissible “... [S]ince evidence of PIP benefits was not precluded by the collateral-source rule,... receipt of such benefits should have been mentioned at trial.” Mester v. Barrett, supra at 40.
We rule that a motion to alter or amend the judgment is the appropriate method for the trial judge to determine what amount, if any, the judgment should be reduced by the PIP benefits paid to prevent double recovery by the plaintiff. By *164 such a motion, the judge was not “called upon to find different facts from the evidence, but merely to correct the judgment by striking out that portion which was erroneous because it lacked both legal and factual justification. Rule 59(e) is designed for precisely such situations.” Page v. New England Tel. & Tel. Co., 383 Mass. 250, quoting from Mumma v. Reading Co., 247 F. Supp. 252, 260 (E.D.Pa.1965). A hearing is necessary, because simply subtracting the PIP benefits paid from the judgment amount may not be appropriate in every case. For example, a plaintiff may introduce only $2,000.00 in medical evidence as a prerequisite to recovery under G.L.c. 231, §6D, even though a greater amount was actually incurred.
Although it appears in this case that the plaintiff recovered PIP benefits in excess of the tort judgment, we return the matter to the trial judge for further proceedings consistent with our opinion. We leave it to the trial judge to amend the judgment to reflect the amounts previously paid in PIP benefits. Therefore, we order that the clerk vacate the denial of the motion to alter and amend the judgment