Welsh, J.
This is a civil action sounding in tort based on negligent operation of a motor vehicle in the Commonwealth on March 9,1995.
During the course of the trial, medical bills were introduced into evidence for treatment of injuries incurred as a result of the accident. Following the trial, the judge found for the plaintiff in the sum of $7,000. The finding stated that it included all damages and that PIP payment offsets (if any) should be deducted after interest and costs are calculated. Judgment was entered on August 21,1997 in the amount of $7,000 plus interest of $1,241.25, plus $140.25 costs.
The defendant filed a motion for “entry of satisfaction of judgment,” claiming that the PIP benefits paid and the amount paid the plaintiff and her husband for a release exceeded the amount of the judgment. The defendant appealed the denial of this motion agreeable to Rule 8A, Dist./Mun. Cts. R. A D. A.
We determine that there was error.
While a seasonably filed motion to amend the judgment under Rule 59(e), Mass. R. Civ. R, would have been an appropriate vehicle to either reduce the judgment by compelling the judge to credit the amount awarded for PIP benefits paid or for money paid the plaintiff by one jointly liable with the defendant, (see Freitas v. Freitas, 26 Mass. App. Ct. 196, 200 [1988]), this case presents an extraordinary circumstance for relief under Rule 60 (b) (5) or (6). The trial judge implicitly recognized that PIP benefits should be deducted from the amount awarded in his order for judgment. It is unclear that the judgment itself reflects that any credit was given either for PIP payments on account of medical bills of the plaintiff or for the amount paid plaintiff by another liable for the injury to the plaintiff. See Tritsch v. Boston Edison Co., 363 Mass. 179, 182-183 (1973).
The case of Mester v. Barrett, 1995 Mass. App. Div. 38, is instructive on the problem of adjusting judge’s finding for PIP benefits or other money paid plaintiff by a tortfeasor. After trial of a civil action in tort, the judge found for the plaintiff in the sum of $11,000. The court did not make findings of fact. The defendant filed a motion to amend “finding,” requesting that the amount of the finding be reduced by $6,210.63, the amount of PIP benefits. The trial judge denied the motion, stating that no mention had been made of PIP benefits paid at trial. It was agreed by both counsel on the appeal that there was evidence offered that $2,000 in PIP benefits had been paid, to establish that the threshold amount for seeking recovery for pain and suffering had been met.
The Appellate Division rejected the defendant’s contention that the collateral source rule precludes the introduction in evidence of PIP benefits paid, see Gold *123 stein v. Gontarz, 364 Mass. 800, 808-814 (1974), and held that evidence of PIP benefits are both relevant and admissible at a bench trial. Mester v. Barrett, supra, at 39 and 40.
If such evidence had been introduced, the defendant might have sought a ruling that such benefits must be excluded from the damages awarded the plaintiff. If the defendant had sought to introduce such evidence and it was excluded on the plaintiff’s objection that it might be unduly prejudiced, the defendant might request leave during trial to bring such benefits to the judge’s attention at a post trial hearing so that the damages awarded could be adjusted accordingly. Mester, supra, at 40.
Of course, if the judge had voluntarily made specific findings of fact allocating that portion of his award which involved PIP benefits or other credit to which the defendant was entitled, a bifurcated hearing on damages might be avoided.
The case is remanded to the trial court for a determination of what credit, if any, the defendant is entitled to receive by reason of PIP benefits paid or money paid the plaintiff by the other tortfeasor.
So ordered.