Hamlin, J.
The plaintiff, William Spadafora (Spadafora) has filed this suit pursuant to G.L.c. 30A, §14 seeking judicial review of a decision by the Civil Service Commission. At issue is whether the Department of Fisheries, Wildlife, and Environmental Law Enforcement (Department) improperly deviated from the statutory scheme in place for civil service promotions. For the following reasons, the decision of the Civil Service Commission is AFFIRMED.
BACKGROUND
William Spadafora is an environmental police officer I (EPO'I) within the Department. In 1987, Spadafora took the promotional examination for the *635 EPO II position. He received a score of 81%, which was the highest mark. Officer Paul Croteau, also an EPO I, received the second highest score.
On November 3, 1987, the Department mandated that persons desiring an EPO II position must also take a practical examination designed to test the candidates’ knowledge of patrol boats and coastal waters. In 1989, Spadafora and four others took a practicum on a 46-foot patrol boat under the supervision of then Major Phillip McMann. The candidates received points in eleven different areas which were then used to compile an overall score. Although he passed the examination, Spadafora received the lowest score among the five candidates. He did not receive the promotion.
Spadafora subsequently became injured and accepted reassignment to a land-based position. In 1994, the Department again announced a vacancy for the EPO II position. A practicum was held for all interested and eligible EPO I officers. The eligible officers consisted of those certified on the 1987 list, on which Spadafora ranked the highest. Only two EPO Is, including Officer Croteau, took the practicum. Spadafora refused to take the practicum. Croteau passed the practical exam and ultimately received the promotion.
In accordance with G.L.c. 31, §27, the Department sent the Personnel Administrator their reasons for bypassing Spadafora. Their reasons were based in part on Croteau’s passing the practicum. After the Administrator’s acceptance of these reasons, Spadafora appealed the Department’s reasons for bypassing him to the Civil Service Commission. The Commission upheld the promotion. Contending that the Department abused its discretion by implementing the practicum as part of its promotional scheme in violation of G.L.c. 31, Spadafora now seeks judicial review of the Commission’s decision.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 11 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n., 11 Mass.App.Ct. 333, 334 (1981). In reviewing the agency’s decision, the court is required to give “due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7); see also Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992) (recognizing standard of review as highly deferential to agency on questions of fact and reasonable inferences); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n., 401 Mass. 713, 721 (1988) (finding sufficient evidence to support commission’s conclusion).
The reviewing court may not substitute its judgment on the merits for that of the agency. Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n., 386 Mass. 414, 420-21 (1982), citing Olde Town Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n., 372 Mass. 152, 154 (1977). Nor may a court dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). “(T]he findings and decision of the [agency] are to be sustained wherever possible and . . . they are not to be reversed unless they are wholly lacking in evidentiary support or . . . tainted by errors of law.” Sweeny’s Case, 3 Mass.App.Ct. 284, 286-87 (1975).
I. Authority to Implement the Practicum
Before civil service employees may obtain a promotion, they must qualify for and take an examination. G.L.c. 31, §3(e). The Personnel Administrator (Administrator) of the Department of Personnel Administration (DPA) conducts the examination for the purpose of establishing “eligible lists.” G.L.c. 31, §5(e). These lists rank persons who have taken the examination from highest to lowest, based in part on their test score. G.L.c. 31, §1. The appointing authority then selects from the candidates listed when filling positions for official service, id.
The appointing authority may not alter the entrance requirements established by the DPA to sit for the promotional examination. Massachusetts Org. Of State Engr’s & Scientists v. Commissioner of Admin., 9 Mass.App.Ct. 916, 918 (1990). Nonetheless, the appointing authority retains some discretion in determining promotions and need not automatically promote the highest-ranking candidate. Goldblatt v. Corporation Counsel of Boston, 360 Mass. 660, 666 (1971) (recognizing agency may select among eligible persons). Thus, the candidate ranked first is not necessarily entitled to the promotion. Bielawski v. Personnel Administrator, 422 Mass. 459, 466 (1996). If the appointing authority decides to promote a candidate other than the highest-ranking candidate, it must submit reasons for doing so to the DPA. G.L.c. 31, §27. The DPA may either accept or reject those reasons. MacHenry v. Civil Service Comm’n., 40 Mass.App.Ct. 632, 635 (1996).
In this case, the Department has not attempted to alter the entrance requirements to sit for the examination. Spadafora qualified to sit for the Administrator’s examination and took it in 1987. His complaint stems from the Department’s decision to bypass him even though he was ranked higher on the eligible list. The Department based its reasons for bypassing Spadafora in part on his refusal to take the practicum and for his low score when he took it in 1987. The Administrator affirmed the decision to by *636 pass. Spadafora claims the Department lacks the authority to conduct the practicum for its use in determining promotions.
The Department contends that the practicum is a proper exercise of its discretionary authority. The Court agrees. While comprehensive in scope, and perhaps reaching the outer limits of that discretion, the Court does not find the exam violates the statutory scheme under G.L.c. 31 for civil service employees. Flynn v. Civil Service Comm’n., 15 Mass.App.Ct. 206, 208 (1983) (recognizing agency may establish certain procedures within limits of discretionary authority).
In Flynn, the agency had adopted a two-step process in determining promotions. Id. First, candidates were certified as eligible by the DPA after taking the Administration’s examination. Id. Second, the agency conducted an oral interview at which the candidates were asked a predetermined set of questions and evaluated according to a set criteria.[2] Id. The Appeals Court upheld the agency’s promotional scheme, recognizing that the agency acted within its discretionary authority and did not attempt to use the interview as a pretext for arbitrary action. Id. at 208-09.
Here, the Department has also established a two-step process for promotions. First, eligible candidates are listed and ranked accordingly after taking the Administrator’s examination. Next, the Department conducts a further review of the candidates’ practical skills. Nothing in the record supports the suggestion that the Department established the practicum as a pretext.
Spadafora next claims that even if the Department has the authority to conduct the examination, the Department failed to meet other statutory requirements. Specifically, he contends the Department has: (1) failed to comply with the statutory requirements under G.L.c. 30A relating to regulations: and (2) implemented the practicum as a job performance evaluation in violation of G.L.c. 31, §§6A-C. The Court finds both contentions unavailing.
Neither requirments under G.L.c. 30A, nor G.L.c. 31, §§6A-C address the practicum at issue. As defined the statute, regulations do not include “regulations concerning only the internal management or discipline of the adopting agency or any other agency, and not substantially affecting the rights of or the procedures available to the public or that portion of the public affected by the agency’s activities.’' G.L.c. 30A, §l(5)(b). Thus, the requirements which Spadafora claims the Department has failed to satisfy do not apply to the establishment of the practicum.
Nor does the practicum constitute a job performance evaluation within the meaning of G.L.c. 31, §§6A-C. The statute defines performance evaluation as “an evaluation of an employee’s performance . . .” G.L.c. 31, §1. The plain language of these sections suggests that the evaluation is one which rates the civil service employees’ performance in their current capacity. The Department’s practicum, however, does not seek to evaluate candidates in their current capacity, but their ability to succeed at the next level. Indeed, in administering the practicum to Spadafora, the Department did not seek to evaluate his performance in his current land-based position, but rather sought to consider his ability to succeed while in command of a patrol boat. Therefore, the practicum does not violate the provisions of c. 31, §§6A-C.
II. Substantial Evidence
Spadafora next argues that the agency’s decision is unsupported by substantial evidence. “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Salaam v. Commissioner of the Dept. of Transitional Assistance, 43 Mass.App.Ct. 38, 39 (1997), citing G.L.c. 30A §1. “Consideration of whether an agency decision is supported by substantial evidence is on the entire administrative record, and takes into account whatever in the record fairly detracts from the evidence’s weight." Arone v. Commissioner of the Dept. of Social Servs., 43 Mass.App.Ct. 33, 34 (1997).
Substantial evidence exists in the administrative record to support the agency’s decision, even without considering the use of the practicum. The agency had before it evidence that Paul Croteau was chosen for the promotion because of his leadership ability, his good work record, and past work experience. In addition, Croteau had attended Massachusetts Maritime Academy, Massachusetts Criminal Justice and U.S. Coast Guard training courses. He ranked number two on the promotion list.
Conversely, Spadafora had most recently worked in a land-based capacity. In addition, some comments regarding Spadafora’s performance may have detracted from his overall candidacy. Thus, evidence exists which leads the Court to conclude that the DPA acted appropriately in accepting the Department’s reasons for the bypass and the Commission in turn acted appropriately in affirming that acceptance.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Civil Service Commission be AFFIRMED.

 The plaintiffs in Flynn complained that the interview at issue was so highly structured that it amounted to an oral examination. Flynn, 15 Mass.App.Ct. at 208.