Welsh, J.
This is an action in negligence to recover damages for personal injuries sustained in a motor vehicle accident in Concord, Massachusetts on March 13, 2003. The case was tried before a jury which returned a verdict in the amount of $21,000.00 for the plaintiff. The defendants filed a motion for a remittitur to reduce the verdict by the sum of $8,000.00. There were $9,352.95 in medical expenses established pursuant to G.L.c. 233, §79G. The trial judge allowed $4,000.00 by way of an off-set for Personal Injury Protection (“PIP”) payments. The defendants challenge the amount of that off-set on this appeal, claiming that the trial judge should have allowed $8,000.00, the maximum off-set permitted by G.L.c. 90, §34M. We agree with the appellants.
The plaintiff had an insurance policy that afforded PIP coverage, but elected to purchase the policy with a deductible of $4,000.00. Counsel for the plaintiff contends on this appeal that the judge was correct in limiting the PIP off-set to $4,000.00. We conclude that whatever other ambiguities there may be in the comprehensive personal injury protection scheme created by G.L.c. 90, §34M, it is clear that the amount of the PIP off-set is not affected by any deductible chosen by the policyholder. The fact that by virtue of the plaintiff’s election of a deductible of $4,000.00 only $4,000.00 of the medical bills were paid by his insurer does not per *63 mit the conclusion that the exemption afforded the tortfeasor by statute ought to be diminished by the amount of the deductible.[3]
‘[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object accomplished.’ Hanlon v. Rollins, 286 Mass. 444, 447 (1934). ‘[T]he primary source of insight into the intent of the legislature is the language of the statute.’ International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 853 (1983).
In the Matter of the Liquidation of American Mut. Liab. Co., 440 Mass. 796,800-801 (2004). In discussing the then newly enacted “no fault” insurance statute, the Supreme Judicial Court mentioned the option of purchasing a deductible in the case of Pinnick v. Cleary, 360 Mass. 1 (1971). After stating that benefits allocable to medical expenses are paid regardless of any other insurance covering the same costs, the Court alluded to the choice afforded the insured to select a deductible “binding on the insured or on the members of the insured’s household.” Id. at 7. Nowhere in the opinion, or in any other opinion for that matter, is there any suggestion that the deductible chosen by the insured is binding upon anyone other than the insured or his household.
We turn to the portion of the statute that deals with the option of selecting a deductible. Paragraph 6 of G.L.c. 90, §34M provides that insurers providing PIP coverage shall offer to the insured a deductible in certain specified amounts, such amount to be deducted from the benefits otherwise due to the person subject to the deduction. The statute then provides that
[a]ny person electing such an endorsement or subject to such an endorsement as a result of the policyholder’s election shall have no claim to recover any amount so deducted from any owner, registrant, operator or occupant of a motor vehicle ... who is made exempt from tort liability by this section [emphasis added].
The exemption from tort liability is explicated in paragraph 2 of G.L.c. 90, §34M. It extends to “every owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply.” The exemption is determined without reference to any deductible provisions. The language creating the exemption states that the exemption applies “to the extent that the injured party is, or would be [exempt] had he or someone for him not purchased a deductible authorized by this section [emphasis added].” We think it plain that the tortfeasor is entitled to an off-set up to the maximum of $8,000.00 for medical expenses resulting from an accident, regardless of any deductible chosen by the policyholder. In the instant case, the full $8,000.00 is the appropriate off-set because the medical bills exceed that amount.
The preferred method of dealing with cases in which a PIP off-set is required is for the parties to agree prior to trial upon the appropriate amount. Usually, there is no significant dispute as to the amount. The pretrial conference process envisioned in Joint Standing Order No. 1-04, or a charge conference before trial, *64 affords an opportunity to address this issue.[4] Where the parties fail to inform the judge at trial that the plaintiff received PIP benefits, the judge should allow a motion to amend judgment and determine by what amount'the verdict or finding should be reduced. A hearing is required in such cases since merely subtracting the PIP benefits paid may not be appropriate in every case. Holt v. Lester, 1997 Mass. App. Div. 163. It might occur that the plaintiff will introduce only $2,000.00 in medical bills to satisfy the G.L.c. 231, §6D conditions of recovery for pain and suffering. Dealing with the PIP issue before trial is more efficient and helps to insure against the danger of double recovery.
The order that the sum of $4,000.00 be deducted from the verdict is vacated. The case is returned to the Edgartown Division of the District Court for the entry of a new order that the sum of $8,000.00 be deducted from the jury verdict, and for the entry of an amended judgment in the reduced amount, together with interest and costs.
So ordered.

 Even if a cogent argument could be advanced that the statute was somehow ambiguous in this respect, the construction offered by the appellee would lead to an absurd and illogical conclusion, namely, that a policyholder’s choice to opt for a deductible would enhance his entitlement to recovery at the expense of the defendant who had no part in the decision to choose the deductible.

 There is a well considered discussion of how to deal with the subject of requesting leave to bring this issue to the judge’s attention by a request for ruling in a non-jury case in Mester v. Barrett, 1995 Mass. App. Div. 38 (Greco, J.).