Merrick, J.
Plaintiff Donald J. Jackson, Jr. (“Jackson”) brought this action as the assignee of First USA Bank NA against defendant Michael J. Byrne (“Byrne”) to whom First USA Bank NA had allegedly issued a credit card. Jackson obtained summary judgment on liability only, and moved for an assessment of damages. Jackson has appealed the court’s damages assessment.[2] We vacate the trial court’s judgment, but for reasons different than those asserted by Jackson.
The evidence before us on the subject of damages includes no testimony. What is included is (1) the verified complaint, alleging Jackson to be the assignee of an account of First USA Bank NA numbered 5149225610079075; (2) a printed boilerplate “Cardmember Agreement” issued by First USA Bank NA not naming any cardholder; (3) a “facsimile copy” of a credit card statement issued by an entity named “Chase” to “Michael J. Byrne” for a “Chase Platinum Master Card” numbered 5149225610079075, showing an interest rate for the month of 19.99%; and (4) an “Affidavit of Sale” of an account with that same account number 5149225610079075 in the name of Byrne, reflecting both that the account was sold by Chase to Unifund Portfolio A LLC on November 14, 2006, and that the balance on the account was $7,219.21 at the time of that sale.
Jackson sought a judgment in the amount of $7,219.21 plus interest at 19.99% from November 14, 2006 and late fees, totaling $14,928.89, with postjudgment interest to run at 19.99%. On April 22,2011, the trial court awarded damages of $13,810.79, with postjudgment interest to be calculated at 12%. On June 1, 2011, Jackson filed a motion for relief from judgment pursuant to Mass. R. Civ. E, Rule 60(b) (6), asserting that the judge had incorrectly assessed damages. The judge allowed the motion, but assessed damages at $7,219.21, plus prejudgment interest of $4,628.54 at 14%, and costs of $195.00, for a total of $12,042.75 as of June 15,2011, with postjudgment interest at 12%.
On appeal, Jackson argues that he is entitled on the record to prejudgment interest on the $7,219.21 amount at 19.99%, and to postjudgment interest at 19.99% on the *68 resulting total.[3] Byrne argues that the record does not support any contract interest rate at all on any obligation of his assigned to Jackson.
There is nothing in the record to show the relationship between the Chase account assigned to Unifund Portfolio A, LLC, which may be viewed as specifying a balance of $7,219.21 and a contract interest rate of 19.99%, and the First USA Bank NA account assigned to Jackson. Jackson has established liability by summary judgment, but the proof on the record before us is insufficient to establish his damages. He is entitled to no more than nominal damages. Page v. New England Tel. & Tel. Co., 383 Mass. 250, 251 (1981).
The trial court’s judgment is vacated. The case is returned to the trial court for the entry of a new judgment in favor of Jackson and against Byrne in the amount of $1.00, with statutory interest to run from the date of the commencement of this action at 12% and with any future postjudgment interest also at 12%.
So ordered.

 Jackson has appealed the damages both as originally assessed and as modified in response to his motion for relief from judgment.

 At oral argument, Jackson waived his appeal of the trial court’s denial of his claim for late fees.