Merrick, J.
The plaintiff obtained a jury verdict in her favor in the amount of $5,000.00 in this motor vehicle tort action. The plaintiff had introduced, pursuant to G.L.c. 233, §79G, bills for medical expenses totaling $10,044.86, and after the verdict had moved for an additur or new trial pursuant to Mass. R. Civ. R, Rule 59. The defendant moved, also pursuant to Rule 59, for a “PIP offset,” that is, to have the amount of the verdict reduced by the $8,000.00 in personal injury protection (“PIP”) insurance benefits that had been paid to the plaintiff. Both motions were denied.
The defendant has appealed the denial of his motion. The plaintiff did not appeal the decision on her motion and did not file a brief on the defendant’s appeal.
*175 A motion to amend the judgment under Rule 59(e) has long been ruled by the Appellate Division of the District Court to be a proper procedure for the application of an unagreed PIP exemption following a trial before a District Court judge, Mester v. Barrett, 1995 Mass. App. Div. 38, 41, or a jury. Mallegol v. Divino, 2007 Mass. App. Div. 62, 64. On the analogous subject of the application of a credit for a settlement by a joint tortfeasor, the Supreme Judicial Court has held that evidence of the settlement, although not subject to the collateral source rule, should be excluded during trial before the jury and reserved for the trial judge following a verdict. Morea v. Cosco, Inc., 422 Mass. 601, 603 (1996). The cases have pointed out that the matter of a PIP offset should be resolved, or provision made for its resolution, before trial. The issue creates difficulties only when defense counsel neglects to raise it before the trial.
After several hearings on the motions[1] in this case, the trial judge issued a memorandum of decision, which concluded:
After hearing EDMOND’S Motion for a New Trial is DENIED as is her Motion for Additur. In that this court cannot reasonably determine whether the jury’s verdict included “... damages for expenses and loss otherwise recoverable as Personal Injury protection Benefits” as required by Chapter 90, sec. 34M, the Motion by PHILLIPS to reduce the verdict is DENIED.
The trial judge added in a footnote:
There is no dispute that EDMOND’S (sic) received PIP benefits from her own carrier, Premier Insurance. However, there is absolutely no ability to determine if the $5,000.00 verdict included medical expense reimbursement. A verdict slip that included the jury’s breakdown of damages, including medical expenses, would have been helpful in retrospect but was not specifically requested by either counsel.
In his brief to this Division, the defendant relies upon the following extensive quotation from the last sentence of the second paragraph of G.L.c. 90, §34M, including the same language the judge quoted as support for his decision:
[I]f any person claiming or entitled to benefits under the personal injury protection provisions of a policy or bond insuring a vehicle registered in this commonwealth brings, in such a case, an action in tort against the owner or person responsible for the operation of such a vehicle, amounts otherwise due such a person under the provisions of section thirty-four A shall not become due and payable until a settlement is reached or a final *176 judgment is rendered in such a case and the amounts then due shall be reduced to that extent that damages for expenses and loss otherwise recoverable as a personal injury protection benefit are included in any such settlement or judgment (emphasis in defendant’s brief).
This language is not, however, the language that creates the PIP exemption. Rather, the quoted language deals with the PIP benefits claimed after a tort action has been brought, and provides that those benefits are not payable until after settlement or judgment and then only to the extent they are not included in the settlement or judgment.
The language creating the PIP exemption is somewhat more sweeping and appears in the first sentence of the second paragraph of §34M. It states, in pertinent part:
Every owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort, and any person or organization legally responsible for his acts or omissions, is hereby made exempt from tort liability for damages because of bodily injury, sickness, disease or death arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is, or would be had he or someone for him not purchased a deductible authorized by this section, entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits or from the insurer assigned (emphasis added).
G.L.c. 90, §34M, second par.
This language provides for the exemption to the extent that the injured party is entitled to recover PIP benefits without any regard to whether the jury included them in their verdict. There is no need to speculate or obtain a special verdict to determine whether the jury included the PIP benefits in its verdict.
The denial of the defendant’s motion to reduce the verdict by $8,000.00 is reversed, and this case is returned to the trial court for the entry of a new judgment for the plaintiff in the reduced amount.
So ordered.

 Among other things, the plaintiff argued that the PIP benefits in excess should have been paid under the available Medical Payments coverage and, therefore, not deducted from her verdict. The judge, correctly, did not adopt that position. Mejia v. American Cas. Co., 55 Mass. App. Ct. 461, 465-466 (2002).